708 P.2d 898

**SOUTHERN IDAHO PRODUCTION CREDIT ASSOCIATION, a corporation, Plaintiff-Respondent,**

v.

**Richard L. and Carol GNEITING, husband and wife, Defendants-Appellants.**

No. 15665.

Supreme Court of Idaho.

Oct. 31, 1985.

Mark D. Stubbs, Twin Falls, for defendants-appellants.

Cecil D. Hobdey, Gooding, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal from an order of the district court denying a motion to set aside a default judgment in an action brought by plaintiff credit association against defendants Gneiting to foreclose on security agreements and real property mortgages. We reverse.

Over a course of years the credit association loaned the Gneitings over $300,000.00 which was secured by promissory notes, security agreements, and real estate mortgages. Admittedly, the monies sought by the credit association have not been repaid. The credit association filed an action and the Gneitings filed an answer. Thereafter the credit association filed an amended complaint, without seeking leave of court, as required by I.R.C.P. 15(a). The only substantial change in the amended complaint was the amount of money the credit association sought to recover. The Gneitings did not file an answer to that amended complaint. In the interim the Gneitings had filed a petition in bankruptcy.

In June 1984, the bankruptcy court modified its stay order, which had ordered all proceedings stayed. Thereafter the credit association sought and obtained an entry of default on its amended complaint. On June 26, 1984, counsel for the credit association

wrote counsel for the Gneitings outlining the proceedings that had taken place up until that time, and indicating that a default had been entered. The letter stated, "[O]f course, if prior to the hearing you ask to have the default entered June 20, 1984, set aside, and request leave to file an answer we would have no objection, but if that is not done then we do intend to proceed with proof as indicated." Inexplicably, counsel for Gneitings took no action, proof was entered on July 16, 1984, and judgment of foreclosure was entered.

Nine days later Gneitings moved to set aside the default judgment. Following a hearing thereon at which Gneitings were represented by new counsel, that motion to set aside the default judgment was denied. This appeal results.

In *Shelton v. Diamond International Corp.*, 108 Idaho 935, 703 P.2d 699 (1985), this Court established its standard of review on ruling on a motion for relief from a default judgment by adopting the standard set forth in *Avondale on Hayden, Inc. v. Hall*, 104 Idaho 321, 658 P.2d 992 (Ct.App. 1983). Unfortunately, both of those decisions are premised upon the assumption that a district court in ruling upon a motion to set aside a default judgment will make findings of fact. *See however*, I.R.C.P. 52(a), which provides in pertinent part:

> "Findings of fact and conclusions of law are unnecessary in support of a judgment by default, or an interlocutory order made pursuant to a show cause hearing or on decisions of motions under Rules 12 or 56 *or any other motion except as provided in Rule 41(b)*; ..."
> (Emphasis added.)

In the instant case the district judge, in ruling upon the motion to set aside the default judgment, did *not* make findings of fact or conclusions of law.

■ I.R.C.P. 60(b)(1) establishes grounds for setting aside a default judgment. Such a motion must be supported by the assertion of a meritorious defense. *E.g., Hearst Corp. v. Keller*, 100 Idaho 10, 592 P.2d 66 (1979). Original counsel for Gneitings submitted an affidavit stating that Gneitings

did not answer the amended complaint, first because no leave of court was obtained to file the amended complaint, and secondly because the changes contained in the amended complaint were minor and did not require any amendment to Gneitings' answer to the original complaint. Gneitings' second basis for excusable neglect was made and rejected in *Farber v. Howell*, 105 Idaho 57, 665 P.2d 1067 (1983), albeit in *Farber* leave had been obtained to file an amended complaint. As to Gneitings' first argument, early case law has established in Idaho that a court may, in its discretion, permit an amended pleading to remain on file even though it was filed without leave. *Lightner v. Russell and Pugh Lumber Co.*, 52 Idaho 616, 17 P.2d 349 (1932). Although *Lightner* predates the adoption of I.R.C.P. 15(a), the adoption of the rule would not appear to change the result. *See Spampinato v. M. Breger & Co.*, 176 F.Supp. 149 (E.D.N.Y.1958), *affirmed on other grounds*, 270 F.2d 46 (2nd Cir.1959), *cert. denied*, 361 U.S. 944, 80 S.Ct. 409, 4 L.Ed.2d 553 (1960); *Rambur v. Diehl Lumber Co.*, 144 Mont. 84, 394 P.2d 745 (1964); Wright & Miller § 1484 (1971).

We restrict the precedential value of this opinion to its facts and circumstances. Here the original counsel for Gneitings chose to disregard the more than fair warnings and offer of counsel for the credit association, and instead chose to rely upon a hypertechnical view of the rules of procedure. His judgment has proved erroneous. In this instance, however, we will not visit the sins of the attorney upon the head of his clients. Without the assistance of findings of fact from the trial court, our view of the record indicates the existence of excusable neglect, but barely.

Insofar as the existence of a meritorious defense is concerned, the answer to the original complaint discloses that the Gneitings did not contest the claim of the sums owing, and asserts that the sums owing had been tendered by the Gneitings, however not in the form of monies, but in the form of real and personal property. Such,

of course, offers no defense to the complaint of the credit association. However, also contained in the answer is an assertion of variance in the terms of the written instrument which was unknown to the Gneitings. Further, the affidavit tendered in support of the motion to set aside the default contains an allegation which if proven may constitute a defense, *i.e.,* the discharge of the indebtedness in bankruptcy.

It is our view that the circumstances of the instant case present at very best a case which is doubtful in the extreme. However, as contained in *Shelton v. Diamond International Corp., supra,* and *Avondale on Hayden, Inc. v. Hall, supra,* it is the policy in Idaho that relief is favored in doubtful cases. It is further the policy of this Court to prefer adjudication upon merits rather than adjudication upon default.

We reverse the decision of the district court and remand the cause for further proceedings, which we require to include the immediate filing of an answer to the amended complaint and a prompt trial thereafter. If plaintiff should ultimately secure judgment we direct that attorney's fees be awarded. No costs are awarded on appeal.

DONALDSON, C.J., and BISTLINE and HUNTLEY, JJ. concur.

BAKES, J., concurs in result only.