80 P.3d 1093

EASTERN IDAHO ECONOMIC DEVELOPMENT COUNCIL, d/b/a Eastern Idaho Community Reuse Organization, an Idaho non-profit corporation, Plaintiff–Respondent–Cross Respondent,

v.

LOCKWOOD PACKAGING CORPORATION IDAHO, an Idaho corporation; Lockwood Packaging Corporation, a Delaware corporation; Lockwood Engineering, B.V., a Netherlands corporation; Thomas R. Gold, individually; and Jan C. Vreeken, individually, Defendants–Respondents–Cross Appellants.

Thomas R. Gold, an individual, Cross Claimant–Appellant–Cross Respondent,

v.

Lockwood Packaging Corporation Idaho, an Idaho corporation; Lockwood Packaging Corporation, a Delaware corporation; Lockwood Engineering, B.V., a Netherlands corporation; and Jan C. Vreeken, individually, Cross Defendants–Respondents–Cross Appellants.

Thomas R. Gold, an individual; Richard L. Gold, an individual; and Tomac Packaging, Inc., a Massachusetts corporation, Cross Claimants–Third Party Plaintiffs–Appellants–Cross Respondents,

v.

Gerbroeders Meijer Belegging, B.V., a Netherlands corporation (a/k/a Gerbroeders Meijer Belegging, B.V.), Third Party Defendants–Respondents–Cross Appellants.

No. 28697.

Supreme Court of Idaho, Boise, April 2003 Term.

Nov. 25, 2003.

Holden, Kidwell, Hahn & Crapo, Idaho Falls, for appellant, Thomas R. Gold. Charles A. Homer argued.

Ling & Robinson, Rupert, for cross-appellants, Lockwood Packaging Corporation Idaho, et al. Brent T. Robinson argued.

McGrath, Meacham, Smith & Seamons, Idaho Falls, for respondent. Justin R. Seamons argued.

KIDWELL, Justice.

The Respondent (Eastern Idaho Economic Development Council) (EIEDC) seeks to collect from the guarantors, Thomas R. Gold (Gold) (Appellant), Lockwood Packaging Corporation (Lockwood), Lockwood Engineering B.V. (Lockwood Engineering), and Jan C. Vreeken (Vreeken) (collectively "Guarantors") the amount due on a promissory note executed by Lockwood Packaging Corporation Idaho (Lockwood Idaho). The district court granted summary judgment in favor of EIEDC. The judgment of the district court is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The EIEDC is a non-profit corporation with its principal place of business in Idaho Falls, Idaho. Lockwood Idaho is an Idaho corporation doing business in Idaho Falls, Idaho. Lockwood is a Delaware corporation doing business in New Castle County, Delaware. Lockwood Engineering is a Netherlands corporation conducting business in Idaho. Gold is an individual residing in Woburn, Massachusetts. Vreeken is an individual residing in The Netherlands.

On April 1, 1998, the EIEDC loaned Lockwood Idaho $262,500. That same day, Lockwood Idaho executed a promissory note payable to EIEDC for $262,500 in exchange for the loan. Additionally, on April 1, 1998, the Guarantors each signed a "Continuing and Unconditional Guaranty," guaranteeing the loan from EIEDC to Lockwood Idaho.

Beginning July 14, 2000, Lockwood Idaho failed to make regular monthly payments on the loan. On August 27, 2001, EIEDC served a notice of default on Lockwood Idaho and each of the guarantors demanding payment of the balance of the promissory note,

including applicable interest. Lockwood Idaho attempted, but failed, to renegotiate the loan with EIEDC in order to reduce its monthly payments.

On September 19, 2001, EIEDC filed a verified complaint commencing an action to recover the principal balance plus interest owed on the note. Gold filed an answer on November 8, 2001. However, Lockwood Idaho, Lockwood, Lockwood Engineering, and Vreeken (hereinafter "Cross–Appellants") did not timely answer. EIEDC then filed an Application for Entry of Default against the Cross–Appellants for failing to answer EIEDC's complaint. Default was entered against the Cross–Appellants on November 16, 2001. Thereafter, on November 19, 2001, the Cross–Appellants filed their answer to EIEDC's complaint. Additionally, they motioned the district court to set aside the default; however, they did not submit affidavits or a memorandum in support of their motion. The default was never set aside.

On January 8, 2002, Gold amended his complaint to add a cross-claim and third-party complaint. However, Gold did not seek leave of the court or consent of EIEDC prior to filing his amended complaint. On March 22, 2002, the district court entered summary judgment for EIEDC and against Gold and the Cross–Appellants. EIEDC then returned to the district court and sought attorney fees pursuant to I.R.C.P. 54(e)(5). On April 16, 2002, the district court entered a judgment in favor of EIEDC for the remaining amount of the promissory note, plus interest, and attorney fees. Gold then filed a Motion to Alter or Amend Judgment on April 29, 2002. On May 17, 2002, the district court issued an order denying Gold's Motion to Alter or Amend Judgment, as well as striking Gold's cross-claim and third-party complaint. Gold filed his notice of appeal to this Court on June 28, 2002. Lockwood Idaho, Lockwood, Lockwood Engineering, and Vreeken filed their appeal to this Court on July 18, 2002.

## II.

### STANDARD OF REVIEW

 "The construction and application of legislative enactments is a question of law over which we exercise free review." *Koch v. Micron Tech.,* 136 Idaho 885, 886, 42 P.3d 678, 679 (2002). By analogy, court rules are also questions of law over which we exercise free review. *See Id.*

Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. When reviewing an appeal from a grant of summary judgment, this Court employs the same standard used by the district court originally ruling on the motion.

*Northwest Bec–Corp. v. Home Living Serv.,* 136 Idaho 835, 838–39, 41 P.3d 263, 266–67 (2002) (internal citations and quotations omitted).

 "To determine whether a trial court has abused its discretion, this Court considers whether it correctly perceived the issue as discretionary, whether it acted within the boundaries of its discretion and consistently with applicable legal standards, and whether it reached its decision by an exercise of reason." *Reed v. Reed,* 137 Idaho 53, 56, 44 P.3d 1108, 1111 (2002).

## III.

### ANALYSIS

#### A. Gold's Appeal To This Court Is Timely.

 Under Idaho Appellate Rule 14, a party has forty-two (42) days to appeal a judgment, order, or decree of a trial court to this Court. I.A.R. 14. An instrument is an appealable order or judgment based on its content and substance, not by its title. *Camp v. East Fork Ditch Co., Ltd.,* 137 Idaho 850, 867, 55 P.3d 304, 321 (2002). A final judgment is an order or decree, so it is, therefore, appealable. *See Id.* The general rule is that a final judgment is an order or judgment that ends the lawsuit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties. *Id.*

A pleading that has been amended without leave of the court is a valid claim until stricken by the court. *See S. Idaho Prod. Credit Ass'n v. Gneiting,* 109 Idaho 493, 494, 708 P.2d 898, 899 (1985). It is within the discretion of the trial court to permit an amended pleading to remain on file even though it was filed without leave. *S. Idaho Prod. Credit Ass'n,* 109 Idaho at 494, 708 P.2d at 899. It follows then that a judgment that does not address an amended complaint is not a final judgment from which an appeal may be taken because the amended complaint is valid and has not been ruled upon.

A party may amend their pleading once as a matter of course at any time before a responsive pleading is served. I.R.C.P. 15(a). However, once the responsive pleading is served, a party may amend a pleading only by leave of court or by written consent of the adverse party. *Id.*

Gold amended his pleadings to add a cross-claim and a third-party complaint without leave of the district court or the consent of EIEDC. Nevertheless, as stated above, this amended complaint was still valid. This amendment was done prior to the district court's March 22, 2002, entry of summary judgment in favor of EIEDC. The March 22, 2002, summary judgment did not address Gold's cross-claim or third-party complaint, nor did the district court's April 16, 2002, Judgment. Therefore, Gold's amended complaint was valid and needed to be ruled upon. It was not until May 17, 2002, that the district court entered an Order striking Gold's cross-claim and third-party complaint and denying Gold's Motion to Alter or Amend Judgment.

The district court's May 17, 2002, Order constitutes the final appealable judgment because it struck Gold's cross-claim and third-party complaint and denied Gold's Motion to Alter or Amend Judgment. These were the two remaining issues that neither the March 22, 2002, Summary Judgment, nor the April 16, 2002, Judgment resolved. Therefore, the May 17, 2002, Order of the district court effectively ended the lawsuit by ruling on Gold's valid claim and represented a final determination of the rights of the parties from which an appeal is allowed. *See Camp,* 137 Idaho at 867, 55 P.3d at 321. Gold filed his notice of appeal to this Court on June 28, 2002. This was within the forty-two day period allowed under I.A.R. 14. Therefore, Gold's appeal to this Court is timely.

**B. Cross–Appellants' Failure To Set Aside The Default Entered Against Them Bars Their Appeal To This Court.**

"When a party against whom a judgment for affirmative relief is sought [fails] to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the court, or the clerk thereof, shall enter default against the party." I.R.C.P. 55(a)(1). However, for "good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." I.R.C.P. 55(c).

Upon motion by EIEDC, the district court entered default against the Cross–Appellants for failing to timely answer EIEDC's complaint. The Cross–Appellants then filed a motion to have the default set aside and specified they would submit a brief in support of said motion within fourteen (14) days. However, the Cross–Appellants did not file a brief to support their motion to have the default set aside, nor did they notice their motion for hearing. The default was not set aside. The failure of Cross–Appellants to have the default set aside bars their appeal to this Court.

**C. Gold's Pleadings and Affidavit Do Not Raise Genuine Issues Of Material Fact Sufficient To Overcome The Entry Of Summary Judgment.**

A motion for summary judgment may be granted if there are no issues of material fact. *See* I.R.C.P. 56(c). Issues of material fact exist with regard to claims of fraud or misrepresentation if the allegations are specific and supported in the record. *See* I.R.C.P. 9(b); *First Sec. Bank of Idaho, N.A. v. Gaige,* 115 Idaho 172, 175, 765 P.2d 683, 686 (1988).

In *Gaige,* we dealt with a situation that is very similar to the case now before us. In that case, Gaige claimed First Security loan officers fraudulently induced him to sign a guaranty by assuring him that the guaranty was a mere formality and that the bank would satisfy company debt from company assets before pursuing the guaranty. *First Sec. Bank of Idaho, N.A.,* 115 Idaho at 175, 765 P.2d at 686. There, we ruled "these assurances were at best promises of future performance and, as such, could not form the basis of a fraud claim to defeat First Security's right to enforce the 'CONTINUING UNCONDITIONAL GUARANTY.'" *Id.* (emphasis in original).

Like *Gaige,* Gold argues the assurances given to him by EIEDC amounted to misrepresentation in the inducement and, therefore, a genuine issue of material fact existed sufficient to preclude the entry of summary judgment by the district court. However, a review of Gold's pleadings and affidavits shows this is not the case. Gold argues he executed the personal guaranty upon representations and promises made to him by EIEDC prior to the execution of the guaranty. Gold claims EIEDC represented it would not seek to foreclose on its loan to Lockwood Idaho if there was some hope of repayment from the corporation; that EIEDC would first seek recovery against Lockwood Idaho and the collateral it granted to secure the loan obligation. Additionally, Gold claims EIEDC represented it would seek recovery against Gold and the other guarantors only as a last resort, and only after it had first taken action to pursue collection and enforce the obligation against Lockwood Idaho. It is from these representations that Gold argues he was misled and induced into signing the guaranty for the promissory note. This, he argues, raises a genuine issue of material fact because it amounts to misrepresentation in the inducement.

█ *Gaige* controls this analysis because its facts parallel this case. Claims of fraud, misrepresentation, or misrepresentation in the inducement must be alleged with particularity. *See* I.R.C.P. 9(b); *First Sec. Bank of Idaho, N.A.,* 115 Idaho at 175, 765 P.2d at 686. Gold's assertions do not amount to a particular allegation of misrepresentation in the inducement. In *Gaige,* we found no fraud in the representations given to Gaige. Likewise, we find no fraud in the representations given by EIEDC. Rather, as in *Gaige,* they were, at best, promises of future performance. As such, Gold's pleadings and affidavits do not raise a genuine issue of material fact. Therefore, we affirm the district court's entry of summary judgment in favor of EIEDC.

**D. The District Court Did Not Abuse Its Discretion By Striking Gold's Amended Complaint.**

█ It is within the discretion of a trial court to deny a motion to amend the pleadings. *See S. Idaho Prod. Credit Ass'n,* 109 Idaho at 494, 708 P.2d at 899. We review discretionary matters under an abuse of discretion standard. *Lindberg v. Roseth,* 137 Idaho 222, 226, 46 P.3d 518, 522 (2002). Gold argues the district court abused its discretion when it struck Gold's amended complaint. In reviewing the record, this Court concludes the district court did not abuse its discretion when it struck Gold's amended complaint.

**E. EIEDC Is Entitled To Attorney Fees On Appeal.**

█ EIEDC seeks attorney fees on appeal based on section 14 of the guaranty signed by Gold on April 1, 1998, which reads:

> Guarantors jointly and severally agree to pay reasonable attorneys' fees, paralegals' fees, and other expenses incurred by Lender in the enforcement of its rights hereunder, including such expenses incurred before legal action, during the pendency of any such legal action, during the enforcement of Lender's rights in any bankruptcy or insolvency proceedings, and continuing to all such expenses in connection with any appeal to higher courts arising out of matters associated therewith.

Having prevailed in this action, EIEDC is entitled to attorney fees under this provision.

**498**

## IV.

### CONCLUSION

The judgment of the district court is affirmed. Gold's appeal to this Court is timely. The failure of Cross–Appellants to have their default set aside bars their appeal to this Court. The district court did not abuse its discretion by striking Gold's amended complaint. Respondent, EIEDC, is awarded costs and attorney fees.

Chief Justice TROUT and Justices SCHROEDER, EISMANN, and BURDICK concur.