121 P.3d 938

Scott DOMINGUEZ, by and through his guardian and conservator, Jackie HAMP, Plaintiff–Respondent,

v.

EVERGREEN RESOURCES, INC., and Allan Elias, Defendants–Cross–Claimants–Cross Defendants–Appellants,

and

Kerr–McGee Chemical Corporation and Kerr–McGee Chemical LLC, Defendants–Cross–Defendants–Cross Claimants–Respondents.

No. 30349.

Supreme Court of Idaho, Boise, May 2005 Term.

July 21, 2005.

Rehearing Denied Oct. 3, 2005.

Craig R. Jorgensen, Pocatello, argued for appellants.

Holland & Hart, LLP, Boise, for respondents Kerr McGee. B. Newal Squyres argued.

Racine, Olson, Nye, Budge & Bailey Chartered, Pocatello, for respondent Dominguez. Brent O. Roche appeared.

BURDICK, Justice.

This case arises from injuries suffered by Scott Dominguez (Dominguez) while serving as an employee of Evergreen Resources, Inc. (Evergreen). Dominguez sued Evergreen and its owner, Allan Elias, (Elias) and obtained a default judgment against them. Dominguez also sued Kerr–McGee Chemical, LLC, (Kerr–McGee) and the two reached a settlement. Kerr–McGee later sought and won indemnity awards from Evergreen and Elias (collectively, the Employer). The Employer asks this Court to review the district court's denial of his summary judgment motion regarding Dominguez's suit and the district court's grant of summary judgment to Kerr–McGee on its cross-claim for indemnity. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Evergreen owned an eleven by thirty-six-foot 25,000–gallon horizontal steel tank (the steel tank). The steel tank had originally been used by another company owned by Elias, and was used as part of a cyanide leach process to recover silver from precipitator dust. After several years of such use, a layer of cyanide-laced sludge formed at the bottom of the steel tank. In 1992, Elias moved the steel tank to Evergreen's facilities in Soda Springs, Idaho.

In 1995, Evergreen sold its assets and intellectual property to Kerr–McGee, which Kerr–McGee intended to use in the construction of a new fertilizer plant. Kerr–McGee contracted with Evergreen to use the purchased assets to conduct research. Evergreen and Kerr–McGee entered into an agreement that expressly provided for Evergreen to indemnify Kerr–McGee for claims arising from Evergreen's operation.

In the summer of 1996, Elias directed Dominguez and another employee to wash out the sludge that had accumulated in the steel tank. Dominguez alleges Elias knew it was hazardous to enter the steel tank, but concealed that knowledge from Dominguez. Contrary to federal regulations, no confined space entry permit had been prepared, there had been no special employee training, appropriate safety equipment was not provided, and no attendant was standing by. The two employees entered the steel tank through a manhole opening on the top of the tank, and using a water hose and broom the pair attempted to wash the sludge out through a small opening. While in the steel tank, Dominguez was overcome by poisonous hydrogen cyanide gas and lost consciousness. The other employee was able to escape.

When firefighters arrived on the scene they cut through the steel tank in order to pull Dominguez out. Elias was allegedly uncooperative with rescue and medical workers, refusing to accurately identity the material in the steel tank and thereby hampering Dominguez's rescue and treatment.

Although near death when he was extracted, Dominguez survived. Having absorbed significant quantities of cyanide, Dominguez suffered severe and irreversible brain damage.

Elias contacted the State Insurance Fund, Evergreen's worker's compensation insurance carrier, and reported the incident. Since that time Dominguez has received worker's compensation benefits.

Elias was later indicted and convicted on federal charges of improper disposal of hazardous waste, knowing that his actions placed others in imminent danger of death or serious bodily injury, as well as making material misstatements relating to a confined space entry permit he falsely claimed was prepared prior to Dominguez entering the steel tank. *United States v. Elias*, 269 F.3d 1003 (9th Cir.2001). Elias was sentenced to a seventeen-year prison term, which he is presently serving.

Dominguez, acting through his legal guardian, brought a civil action against the Employer and Kerr–McGee in Caribou County District Court. The Employer filed a cross-claim against Kerr–McGee for indemnification. The Employer and Kerr–McGee each moved the district court for summary judgment regarding Dominguez's claims, and both motions were denied. Additionally, the district court denied the Employer's motion for reconsideration.

Kerr–McGee settled with Dominguez, paying Dominguez for a release of all claims against the company. Kerr–McGee then brought a cross-claim for indemnity against the Employer for the settlement monies as well as costs and attorney fees. Both Kerr–McGee and the Employer moved for summary judgment on their respective cross-claims. The district court denied the Employer's summary judgment motion on the cross-

claim, but granted Kerr–McGee's cross-claim for indemnity against Evergreen.

The Employer's counsel withdrew, and the district court ordered the Employer to find new counsel within 20 days. After the Employer failed to do so, pursuant to I.R.C.P. 11(b)(3) the district court entered default and default judgments against the Employer and in favor of Dominguez. Pursuant to the default judgment, Dominguez was ultimately awarded $23,400,000 to be paid by Evergreen and Elias jointly and severally. This total was already reduced by the amounts paid to Dominguez by Kerr–McGee and the State Insurance Fund for worker's compensation. The Employer did not move for relief from the final judgment.

Kerr–McGee moved the district court to reconsider its cross-claim for indemnification against Elias personally. The court granted Kerr–McGee's motion, finding Elias liable to Kerr–McGee under the doctrine of common law implied indemnity.

The Employer filed the appeal that is now before this Court.

## II. STANDARD OF REVIEW

■ Jurisdictional matters are questions of law over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). The interpretation of the worker's compensation statutes is also a matter of law over which we exercise free review. *City of Boise v. Indus. Comm'n*, 129 Idaho 906, 909, 935 P.2d 169, 172 (1997).

## III. ANALYSIS

The Employer asserts the district court lacked jurisdiction to hear Dominguez's claim. The Employer also assigns error to the district court's denial of his summary judgment motion against Dominguez, and the grant of summary judgment to Kerr–McGee on its indemnity cross-claim against Elias.

### A. Jurisdiction

■ The Employer argues the district court was without jurisdiction to hear Dominguez's suit because a worker's compensation claim was Dominguez's only available remedy

and therefore proper jurisdiction rested solely with the Industrial Commission. "A question of jurisdiction is fundamental; it cannot be ignored when brought to our attention and should be addressed prior to considering the merits of an appeal." *State v. Kavajecz*, 139 Idaho 482, 483, 80 P.3d 1083, 1084 (2003) (quoting *H & V Eng'g, Inc. v. Idaho State Bd. Of Prof'l Eng'r & Land Surveyors*, 113 Idaho 646, 648, 747 P.2d 55, 57 (1987)). As a result, we will first consider the Employer's jurisdictional arguments.

### 1. The Employer Exclusion

■ Idaho's worker's compensation law provides benefits for workers who suffer injuries arising out of and in the course of employment. *Robison v. Bateman–Hall, Inc.*, 139 Idaho 207, 209, 76 P.3d 951, 953 (2003). While granting "sure and certain" relief to injured workers, the worker's compensation law at the same time limits the liability of employers. *Id.* For those injuries covered by worker's compensation, an employer is generally liable to its employees only under the worker's compensation system and is immune from other civil causes of action. I.C. § 72–209(1). This principle "is referred to as the exclusive remedy rule." *Robison*, 139 Idaho at 209, 76 P.3d at 953. The exclusive remedy rule, however, is not without exceptions. *See* I.C. §§ 72–201, and 72–209(1). One such exception arises if the employee's injury results from the "wilful or unprovoked physical aggression of the employer...." I.C. § 72–209(3).

The Employer argues an injury is either (1) an accident sustained in the course of employment, or (2) the result of an intentional tort—but cannot be both. In the Employer's view, only an injury resulting from an "accident" is compensable under worker's compensation, but an injury resulting from an intentional act is not an accident and therefore is non-compensable. Because Dominguez was injured in the course of his employment and has been receiving worker's compensation benefits, the Employer maintains it is inconsistent for Dominguez to continue to claim he was the victim of an intentional tort.

■ Contrary to the Employer's assertions, injury in the course of employment and injury as the result of an intentional act are not mutually exclusive. As a matter of common sense, an employee can be harmed while working, whether that harm is the result of negligence or design. Even if an employer commits an intentional tort against an employee, it does not follow that the tort necessarily arose outside of the employment context, or that the employee was acting outside the course of his employment at the time of injury.

An injury can be "accidental" from the perspective of an employee while at the same time being intentional on the part of the employer. The worker's compensation law defines an "injury" as "a personal injury caused by an accident arising out of and in the course of any employment covered by the worker's compensation law." I.C. § 72–102(17)(a). In turn, an "accident" is defined as "an unexpected, undesigned, and unlooked for mishap, or untoward event, connected with the industry in which it occurs, and which can be reasonably located as to time when and place where it occurred, causing an injury." I.C. § 72–102(17)(b). From Dominguez's perspective, the injury that befell him *was* an accident under the statutory definition. In cleaning out the sludge at the bottom of the steel tank, Dominguez did not intend to be overcome by hydrogen cyanide gas. His injury was an untoward event, connected to the industry in which it occurred, which can be reasonably located as to time and place. It is no contradiction for Dominguez's to maintain he suffered an accident covered by worker's compensation and at the same time argue he was harmed by the Employer's intentional acts.

Moreover, this Court has stated that "the exclusiveness of an injured employee's remedy [under worker's compensation] is not absolute.... The exemption from liability given to an employer by section 72–209(1) does not apply in any case where injury or death is proximately caused by the willful or unprovoked physical aggression of the employer." *Selkirk Seed Co. v. State Ins. Fund*, 135 Idaho 434, 439, 18 P.3d 956, 961 (2001) (citing to I.C. § 72–209(3)). As a result of this

exception, an employee is not required to forgo the filing of a worker's compensation claim in order to sue his employer for willful or unprovoked physical aggression. *Kearney v. Denker*, 114 Idaho 755, 757, 760 P.2d 1171, 1173 (1988).

In this case, Dominguez has alleged a willful or unprovoked physical aggression by his employer, and therefore his claim falls into a statutory exception to the exclusive remedy rule. I.C. § 72–209(3). Consequently, Dominguez is permitted to collect those worker's compensation benefits for which he is eligible *and* to bring a cause of action against his employer outside the worker's compensation system. *Id.; Kearney*, 114 Idaho at 757, 760 P.2d at 1173. In its award of damages, the district court correctly prevented a double recovery by reducing the size of Dominguez's award by the amounts he recovered from Kerr–McGee and through worker's compensation benefits.

### 2. Jurisdiction Of The Industrial Commission

■ The Employer argues the Industrial Commission determined that Dominguez was entitled to worker's compensation, and because of this determination the Commission obtained exclusive jurisdiction over the matter. Commonly, the determination of whether a worker is eligible for worker's compensation benefits resolves whether jurisdiction lies with the Industrial Commission or with the courts. *See Anderson v. Gailey*, 97 Idaho 813, 824–25, 555 P.2d 144, 155–56 (1976). If a worker is entitled to benefits, the operation of the exclusive remedy rule generally grants the Industrial Commission exclusive jurisdiction over the matter. *See Baker v. Sullivan*, 132 Idaho 746, 749, 979 P.2d 619, 622 (1999). If instead the worker's claim is not covered by worker's compensation, the exclusive remedy rule does not apply and there often remains to the worker a court remedy outside the worker's compensation system. *See Luttrell v. Clearwater Co. Sheriff's Office*, 140 Idaho 581, 585 n. 1, 97 P.3d 448, 452 n. 1 (2004). The Industrial Commission and the district courts of Idaho have concurrent jurisdiction to determine whether they have jurisdiction to consider a claim or hear a case. *Anderson*, 97 Idaho at 824, 555 P.2d at 155. "[I]f the notice of injury was filed with the Industrial Commission before the plaintiffs filed their original complaint with the district court, then the Industrial Commission has the first right to determine the jurisdictional issue, and its determination is *res judicata* upon the question of jurisdiction...." *Id.* at 825, 555 P.2d at 155.

■ However, the determination of whether a worker is eligible for worker's compensation does not always resolve the question of jurisdiction. When a claimant was injured by the willful or unprovoked physical aggression of his employer, he may be eligible for benefits and yet also pursue a cause of action in tort. I.C. § 72–209(3); *Kearney*, 114 Idaho at 757, 760 P.2d at 1173. Either a court or the Industrial Commission may determine whether a worker is eligible for worker's compensation, and either tribunal may determine whether willful or unprovoked physical aggression actually took place. *See Anderson*, 97 Idaho at 824, 555 P.2d at 154. But regardless of whether a claimant is found eligible for worker's compensation benefits, if either tribunal rules that the I.C. § 72–209(3) exception applies, any resulting tort suit would be outside the worker's compensation system and therefore jurisdiction over the tort action would rest with the courts.

■ In the present case, the Employer filed a claim with its surety, the State Insurance Fund, which led to Dominguez receiving benefits. There is no mention in the record of any ruling or determination issued by the Industrial Commission regarding whether Dominguez was entitled to benefits under worker's compensation, or even that such a ruling was ever sought. Certainly the Industrial Commission never determined whether the I.C. § 72–209(3) exception to the exclusive remedy rule applied in this case. The State Insurance Fund is simply an insurance carrier. *DeMoss v. City of Coeur D'Alene*, 118 Idaho 176, 182, 795 P.2d 875, 881 (1990). Its assessment regarding a worker's eligibility for benefits does not have the force of a decision and is not the equiva-

lent of a decision issued by the Industrial Commission itself. *Id.*

■ A decision by the Industrial Commission has *res judicata* effect only for those issues the Commission actually decides. Even if the Industrial Commission had determined Dominguez was entitled to worker's compensation, this would not be equal to a determination regarding whether he was the victim of willful or unprovoked physical aggression. Either issue is within the competence of the Industrial Commission, but in this case neither was subjected to a determination by that body.[1] Consequently, the district court was acting within its jurisdiction when issuing a judgment in this case.

## B. Appealability of the Denial of the Employer's Summary Judgment Motion

The Employer asks this Court to review the district court's denial of his summary judgment motion concerning Dominguez's factual claim. Although the denial of a summary judgment motion is a non-final order not normally subject to appeal, the Employer contends the default judgment entered against him was a final judgment permitting him to appeal directly to this Court.

■ Unless review is specifically provided for by statute or rule, this Court may only review appeals from final judgments. *Idah–Best, Inc. v. First Sec. Bank,* 99 Idaho 517, 519, 584 P.2d 1242, 1244 (1978); *see* I.A.R. 11(a). A final judgment is one that "ends the lawsuit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties." *Economic Dev. Council v. Lockwood,* 139 Idaho 492, 495, 80 P.3d 1093, 1096 (2003). Upon default by the defendant, the allegations contained in the complaint are taken as true, and the plaintiff is relieved of any obligation to introduce evidence in support of those allegations. *Olson v. Kirkham,* 111 Idaho 34, 37, 720 P.2d 217, 220 (Ct.App.1986).

■ An order denying a motion for summary judgment is an interlocutory order from which no direct appeal may be taken. *Bowles v. Pro Indiviso, Inc.,* 132 Idaho 371, 376, 973 P.2d 142, 147 (1999). Additionally, an order denying a motion for summary judgment is not subject to review—even after the entry of an appealable final judgment. *Courtney v. Big O Tires, Inc.,* 139 Idaho 821, 823, 87 P.3d 930, 932 (2003); *Hunter v. State, Dept. of Corrections,* 138 Idaho 44, 46–47 57 P.3d 755, 757–58 (2002); *Idaho Power Co. v. Cogeneration, Inc.,* 134 Idaho 738, 9 P.3d 1204 (2000); *Bowles,* 132 Idaho at 376, 973 P.2d at 147.

■ Not only is the Employer barred from appealing the denial of his summary judgment motion, but even if we were to treat his appeal as springing instead from the entry of judgment by default, review would be improper. It should be noted the Employer never moved the district court for relief from the default judgment entered against him. Idaho Rule of Civil Procedure 60(b) permits a court to relieve a party from final judgment on such grounds as mistakes, inadvertence, excusable neglect, newly discovered evidence, or fraud. The grant or denial of a motion for relief may be reviewed by an appellate court for abuse of discretion. *Shelton v. Diamond Int'l Corp.,* 108 Idaho 935, 937, 703 P.2d 699, 701 (1985).

In *Economic Development Council,* several defendants against whom defaults were entered in district court and never set aside appealed from a summary judgment entered against them. 139 Idaho at 495, 80 P.3d at 1096. On review, this Court refused to reach the substance of the defaulted defendants' appeal because their failure "to have the default set aside bars their appeal to this Court." *Id.* at 496, 80 P.3d at 1097. *Economic Development Council* involved "entries of default" rather than the more conclusive "judgment by default." *Id.* But the

---

1. The Employer filed for worker's compensation benefits on Dominguez's behalf, and there was no dispute that Dominguez was eligible. It does not appear the issue of willful or unprovoked physical aggression was raised in the request for benefits. As a result, there was no disputed issue for which a decision by the Industrial Commis-

sion was required. We cannot fault Dominguez for failing to raise the I.C. § 72–209(3) exception with the Industrial Commission, because it was the Employer who filed for benefits and Dominguez cannot be restricted to the Employer's potentially self-serving choice of claims.

same logic used in *Economic Development Council* for entries of default applies with equal force to judgments by default.

■ Although a judgment by default is a final judgment, no appeal lies directly from such a ruling. The central function of the appeals process is the correction of error. If a matter was abandoned by the defaulting party and never properly presented to the trial court, there can be no error by the trial court on a question it was never asked to consider. A defaulting party may only be heard on appeal after it has filed a post-judgment motion to set aside the default and then invoked an adverse ruling on the motion. Only then has the trial court been granted the opportunity to correct any errors in its grant of judgment by default, and only then is the appellate court reviewing a trial court ruling weighing the competing arguments of the parties. Therefore, the Employer's failure to move the trial court to set aside the judgment by default bars his appeal to this Court.

## C. Indemnity

■ The Employer challenges the district court's grant of summary judgment in favor of Kerr–McGee on its cross-claim for common law indemnity against Elias. The Employer argues the district court's award to Kerr–McGee was in violation of the requirement found in I.C. § 72–209(2) that the liability of an employer to indemnify a third party "shall be limited to the amount of compensation for which the employer is liable" under the worker's compensation law. Review of the record reveals the Employer did not raise this argument with the district court. We will not consider arguments raised for the first time on appeal. *Combs v. Kelly Logging,* 115 Idaho 695, 698, 769 P.2d 572, 575 (1989). Consequently, we find no error in the district court's grant of summary judgment to Kerr–McGee on its common law indemnity cross-claim against Elias.

## D. Attorney Fees

■ The Employer requests attorney fees on appeal but presented no argument or authority in its opening brief in support of this request. As a result, the Employer cannot be awarded attorney fees on appeal. *Myers v. Workmen's Auto Ins. Co.,* 140 Idaho 495, 511, 95 P.3d 977, 993 (2004).

■ Kerr–McGee also requests attorney fees on appeal, pursuant to I.A.R. 41. Idaho Appellate Rule 41 provides the procedure for requesting attorney fees on appeal, but is not authority alone for awarding fees. *Shawver v. Huckleberry Estates,* 140 Idaho 354, 365, 93 P.3d 685, 696 (2004). Because of its failure to cite to appropriate authority, Kerr–McGee is not granted attorney fees on appeal. *See Lovelass v. Sword,* 140 Idaho 105, 109, 90 P.3d 330, 334 (2004).

Dominguez requests attorney fees on appeal pursuant to I.C. § 12–121 and I.R.C.P. 54(e). Idaho Code § 12–121 permits an award of attorney fees in a civil action to the prevailing party if the court determines the case was brought, pursued or defended frivolously, unreasonably or without foundation. *Mutual of Enumclaw Ins. Co. v. Pedersen,* 133 Idaho 135, 139, 983 P.2d 208, 212 (1999). The Employer's arguments, although unconvincing, are not frivolous. Accordingly, no attorney fees are awarded to Dominguez.

## IV. CONCLUSION

This Court affirms the rulings from which the Employer appeals in all respects. Costs, but not attorney fees on appeal, are awarded to Kerr–McGee and Dominguez.

Chief Justice SCHROEDER, and Justices TROUT, EISMANN and JONES concur.