IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 33695

| | | |
|---|---|---|
| MICHAEL L. CHANDLER, individually and doing business as LOOMIS CONSTRUCTION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Boise, June 2009 Term |
| DAVID HAYDEN and STOREY JONES HAYDEN, husband and wife, CITY OF SUN VALLEY, a municipal corporation, BANK OF AMERICA, N.A., a national banking association, ROBERTSON STEPHENS, INC., a corporation, BLUE JEANS EQUITIES WEST, a corporation, UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, ROBERTS OCHI, LLC and DOES 1 through 10, inclusive, | ) ) ) ) ) ) ) ) ) ) ) | 2009 Opinion No. 109 Filed: August 24, 2009 Stephen Kenyon, Clerk |
| Defendants. | ) | |
| -------------------------------------------------------- | ) | |
| FIRST AMERICAN TITLE INSURANCE COMPANY, | ) ) | |
| Plaintiff-Cross-Appellant, | ) ) | |
| v. | ) ) | |
| MICHAEL L. CHANDLER, individually and doing business as LOOMIS CONSTRUCTION, | ) ) ) | |
| Defendant-Cross-Respondent. | ) | |
| -------------------------------------------------------- | ) | |
| MICHAEL L. CHANDLER, individually and doing business as LOOMIS CONSTRUCTION, | ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) | |
| DAVID HAYDEN and STOREY JONES HAYDEN, husband and wife, | ) ) ) | |
| Third-Party Defendants. | ) ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Blaine County. Honorable Robert J. Elgee, District Judge.

The district court order granting summary judgment in favor of First American Title Insurance Company and award of attorney fees is <u>vacated</u> and the case is <u>remanded</u> for proceedings consistent with this opinion

Lawson & Laski, PLLC, Ketchum, for appellant/cross-respondent Michael Chandler. Ed Lawson argued.

Robertson & Slette, PLLC, Twin Falls, for respondent/cross-appellant First American Title Insurance Co. Gary Slette argued.

_____

HORTON, Justice

This is a lien priority case. Appellant/Cross-Respondent Michael Chandler, an individual doing business as Loomis Construction, appeals the district court's grant of summary judgment subordinating Chandler's mechanics' lien to Bank of America's deed of trust. Bank of America obtained title insurance from Respondent/Cross-Appellant First American Title Insurance Company (First American). Prior to issuing the title insurance policy to Bank of America, First American required Chandler to sign an indemnity agreement (the Agreement) promising that Chandler would release any mechanics' lien that may have or could gain priority over Bank of America's deed of trust within 20 days of filing the mechanics' lien. First American appeals the district court's denial of First American's two motions for summary judgment seeking specific performance of the Agreement. Both Chandler and First American appeal the district court's award of attorney fees to First American below. We vacate the district court's grant of summary judgment and award of attorney fees and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

David and Storey Hayden hired Chandler to construct a new home on their property located in Sun Valley, Idaho. Chandler performed work on the property from October of 2000 through November of 2003.

In November of 2000, the Haydens informed Chandler that they were acquiring a $5 million construction loan from Bank of America, using the real property to secure the loan. Before issuing the loan, Bank of America obtained title insurance through First American, insuring that its deed of trust was the first lien on the real property. Before issuing the title insurance policy, First American inspected the property and determined that Chandler had

already performed substantial work on the house. As a condition to issuing the title insurance policy to Bank of America, First American required Chandler and the Haydens to sign the Agreement. Chandler and the Haydens signed the Agreement, and First American issued the title insurance policy.

The Agreement specified that Chandler and the Haydens would submit current, audited financial statements to First American concurrently with their execution of the Agreement. However, the Haydens submitted financial statements that were approximately six months old after First American issued the title insurance policy, and Chandler did not submit any financial statements to First American. After receiving the title insurance policy, Bank of America released the loan proceeds to the Haydens. The Haydens, facing financial difficulties, used $3.5 million of the loan proceeds to pay other debts.

In November 2003, the Haydens' financial condition deteriorated to the point where they could no longer proceed with the construction of the home. On December 30, 2003, Chandler recorded a mechanics' lien on the real property in the amount of $1,491,020.33.[1] Subsequently, Robertson Stevens, Inc. (Robertson Stevens) acquired a judgment against the Haydens in excess of $20 million and recorded the judgment in Blaine County. Bank of America thereafter acquired Robertson Stevens as a subsidiary.

In May 2004, Chandler filed a foreclosure action against the Haydens, Bank of America, and Robertson Stephens. Robertson Stephens and Bank of America counterclaimed and sought to foreclose on their liens. In November 2004, First American, having been tendered the defense of Bank of America under the title insurance policy, filed the instant action against Chandler seeking specific performance of the Agreement. First American sought an order from the district court requiring Chandler to release his mechanics' lien. To that end, First American filed two motions for summary judgment, both of which the district court denied.

First American subsequently filed a third motion for summary judgment asking the district court to subordinate Chandler's mechanics' lien to Bank of America's deed of trust, which the district court granted. First American sought an award of attorney fees and costs in the amount of $30,563.85. The district court awarded First American $17,143 in costs and attorney fees. Chandler timely appealed and First American timely cross-appealed.

---

[1] On April 28, 2004, Chandler filed an Amended Notice of Lien in the amount of $1,708,151.39. Chandler later abandoned this lien.

## II. STANDARD OF REVIEW

When this Court reviews a district court's ruling on a motion for summary judgment, it employs the same standard properly employed by the district court when originally ruling on the motion. *Cherry v. Coregis Ins. Inc.*, 146 Idaho 882, 884, 204 P.3d 522, 524 (2009) (citing *Farmers Ins. Co. of Idaho v. Talbot*, 133 Idaho 428, 431, 987 P.2d 1043, 1046 (1999)). Summary judgment is proper when there is no genuine issue of material fact and the only remaining questions are questions of law. *Id.* (citing *Harwood v. Talbert*, 136 Idaho 672, 677, 39 P.3d 612, 617 (2001); I.R.C.P. 56). This Court liberally construes all disputed facts in favor of the nonmoving party and draws all reasonable inferences and conclusions supported by the record in favor of the party opposing the motion. *Lockheed Martin Corp. v. Idaho State Tax Comm'n*, 142 Idaho 790, 793, 134 P.3d 641, 644 (2006).

## III. ANALYSIS

Chandler argues that the district court erred when it granted First American's third motion for summary judgment and awarded First American costs and attorney fees below. First American argues that the district court erred when it denied its first two motions for summary judgment and when it excluded certain attorney fees in the award below. First American also asks this Court for an award of attorney fees on appeal.

**A. The district court erred when it granted First American's third motion for summary judgment.**

In pertinent part, the Agreement provided:

> In the event that any Mechanics' Lien or Liens are filed against the Property, Indemnitor shall within twenty (20) days of such filing:
> A. Cause a release of the Mechanics' Lien or Liens to be filed of record in the County Recorder's Office; or
> B. Cause a release of any Liens filed to be recorded by posting a surety bond with the district court; or
> C. Deposit with First American an amount sufficient in First American's absolute subjective opinion to protect First American or its insured against such Mechanics' Lien or Liens, which amount First American shall specify; or
> D. Take action with respect to the Mechanics' Lien or Liens as First American shall, in its absolute subjective discretion, authorize Indemnitor in writing to undertake, provided that any such authority shall not be a waiver by First American to, at any time, require Indemnitor to comply with any one of subparagraphs A, B, or C herein above set forth, within five (5) days of First American's written revocation of authority to undertake all action pursuant to this subparagraph D and demand for compliance with said subparagraph A, B, or C.

4

The district court concluded that the Agreement was unambiguous. However, the district court determined that it would be inequitable to order Chandler to specifically perform the Agreement. The district court instead ordered that Chandler's mechanics' lien be deemed inferior to Bank of America's deed of trust. Chandler argues the district court erred when it granted First American's motion for summary judgment subordinating his lien to Bank of America's deed of trust because: (1) the district court failed to address Chandler's equitable defenses concerning the formation and enforceability of the Agreement; (2) First American did not present evidence to support a claim for contract reformation; and (3) First American is not entitled to the remedy of specific performance. In view of our resolution of Chandler's first two claims, we do not reach Chandler's third claim.

1. **The district court erred by failing to address Chandler's affirmative defenses concerning the formation and enforceability of the Agreement before granting summary judgment.**

Chandler asserted five defenses concerning the formation and enforceability of the Agreement: (1) fraud in the inducement; (2) mutual mistake; (3) equity only aids the vigilant and diligent; (4) unconscionability; and (5) changed circumstances. The district court did not address Chandler's affirmative defenses because it concluded that it was interpreting the meaning of a contract between the parties as a matter of law. Chandler argues that he raised genuine issues of material fact concerning the formation and enforceability of the Agreement, and therefore the district court could not grant First American's third motion for summary judgment. We agree.

There is a preliminary issue that we must decide before turning to the substance of Chandler's argument. When ruling on a motion for summary judgment, the trial court must determine whether the evidence, when construed in the light most favorable to the nonmoving party, presents a genuine issue of material fact or shows that the moving party is not entitled to judgment as a matter of law. *Kiebert v. Goss*, 144 Idaho 225, 228, 159 P.3d 862, 865 (2007) (citing *Pincock v. Pocatello Gold & Copper Mining Co.*, 100 Idaho 325, 328, 597 P.2d 211, 214 (1979)). The moving party bears the burden of proving the absence of material facts. *Id.* (citing *Hei v. Holzer*, 139 Idaho 81, 85, 73 P.3d 94, 98 (2003)). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact. *Id.* A nonmoving party must come forward with evidence by way of affidavit or otherwise that contradicts the evidence submitted by the moving party, and that establishes the existence of a material issue of disputed fact. *Id.* (citing *Zehm v. Assoc. Logging Contractors, Inc.*, 116 Idaho 349, 350, 775 P.2d 1191, 1192 (1988)).

5

This summary judgment standard leaves open the question which party bears the burden of production as to a nonmoving defendant's affirmative defense. There are two potential approaches: either the nonmoving defendant bears the burden of showing the existence of a genuine issue of material fact supporting the affirmative defense or the moving plaintiff must disprove or establish the legal insufficiency of the defendant's affirmative defense. This Court has not previously addressed this issue and the courts that have tackled the question have reached differing results. *See Woodside v. Woodside*, 154 S.W.3d 688, 691 (Tex. App. 2004) (stating "[a] plaintiff, when moving for summary judgment, is not under any obligation to negate affirmative defenses. An affirmative defense will prevent the granting of summary judgment only if each element of the affirmative defense is supported by summary judgment evidence."); *SAC Const. Co., Inc. v. Eagle Nat'l Bank of Miami*, 449 So.2d 301, 303 (Fla. Dist. Ct. App. 1984) (stating "the movant must disprove or establish the legal insufficiency of an affirmative defense"); *GECC Financial Corp. v. Jaffarian*, 905 P.2d 624, 625 (Haw. 1995) (stating that "a plaintiff-movant is not required to disprove affirmative defenses asserted by a defendant in order to prevail on a motion for summary judgment"); *Wright v. Fireman's Fund Ins. Companies*, 14 Cal. Rptr. 2d 588, 595 (Cal. Ct. App. 1992) (stating "[w]hen the moving party is the plaintiff, the burden is to prove every element necessary to establish its right to the relief it seeks and to disprove every affirmative defense asserted against it.") (citation and quotations omitted). The leading treatise on civil procedure does not provide a ready answer, stating only: "A claimant is entitled to summary judgment only when no genuine issue of material fact exists, the papers on the motion demonstrate the right to relief, and every one of the defenses asserted legally are insufficient." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2734 (3d ed. 2009).

In *Harper v. Delaware Valley Broadcasters, Inc.*, 743 F.Supp. 1076 (D. Del. 1990), the court addressed this issue and concluded that a nonmoving defendant has the burden of supporting a claimed affirmative defense. *Id*. at 1090-91. The *Harper* court noted that a court will enter summary judgment "'against a party who failed to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Id*. at 1090 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The *Harper* court further noted that a defendant bears the burden of proof at trial concerning an affirmative defense. *Id*. Therefore, the court concluded that the defendant bore the burden of supporting a claimed affirmative defense concerning a motion for summary

6

judgment. *Id.* at 1091. *See also*, *Mattox v. Western Fidelity Ins. Co.*, 694 F.Supp. 210, 217 (N.D. Miss. 1988) (stating "[t]he defendant's failure to come forward with evidence to establish matters that it would be required to prove at trial mandates summary judgment in plaintiff's favor when basic Rule 56 requirements are otherwise met.").

In *GECC Financial Corp.*, the Supreme Court of Hawaii summarily adopted the analysis of a concurring opinion from a judge of its court of appeals. That opinion articulates substantial considerations that militate in favor of placing the burden of production on the party asserting an affirmative defense:

> Placing an initial burden on the plaintiff to "disprove every affirmative defense asserted against it" has several practical effects, none of which appear to me to be helpful in promoting the speedy and economical disposition of non-viable issues. First of all, the plaintiff will be put to the time and expense of initially disproving an issue on which the defense has the burden of proof at trial, but upon which such proof may ultimately be lacking. It would seem to me that in the allocation of burdens, the burden of producing materials regarding an affirmative defense in a summary judgment proceeding should be placed upon the defendant. If the defendant lacks such evidence then in all probability the defense will not be raised in opposition to the plaintiff's motion. If, on the other hand, there is evidence in support of the defense, what party is more suited to present the defense in all its permutations and contours than the defendant? …
>
> We may reasonably expect that where affirmative defenses have been raised *pro forma*, they will, if not supported by evidence at the time of the plaintiff's motion, simply be abandoned. It is also conceivable that in establishing a prima facie case, the plaintiff will also expose weaknesses in certain defenses or affirmative defenses, which the defendant will then, for strategic reasons, discard. This newly added requirement, however, suggests to the plaintiff that before filing its motion for summary judgment, it must conduct an investigation and discovery of every affirmative defense raised, although, ultimately, it may turn out that such efforts were unnecessary. The prerequisite that the plaintiff "must ... disprove every affirmative defense asserted against it" may be a harbinger of greater delay and expense.

*GECC Financial Corp. v. Jaffarian*, 904 P.2d 530, 540 (Haw. Ct. App. 1995) (Acoba, J., concurring) (citation, footnote omitted)

A statement made by the U.S. Supreme Court in *Celotex* is also instructive.[2] In that case, the plaintiff brought a wrongful death action and the defendant sought a grant of summary judgment, arguing that the plaintiff was unable to establish the element of proximate cause. 477 U.S. at 319-20. During discovery the plaintiff had failed to identify any witness who would

---

[2] Our court of appeals has correctly recognized that "[t]he language and reasoning of *Celotex* has been adopted by the appellate courts of Idaho." *Dunnick v. Elder*, 126 Idaho 308, 312, 882 P.2d 475, 479 (Ct. App. 1994) (citing, *inter alia*, *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 808 P.2d 851 (1991)).

testify to the issue of proximate cause. *Id.* at 320. In response to the defendant's summary judgment motion, the plaintiff produced three documents that she claimed demonstrated a genuine material factual dispute. Defendant, however, argued that all three documents were inadmissible hearsay. *Id.* at 320. The district court granted the defendant's motion for summary judgment. *Id.* On appeal, the U.S. Court of Appeals reversed. *Id.* at 321. The U.S. Supreme Court reversed and found "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323. This statement suggests that where the nonmoving party bears the burden of proof on the issue at trial, the moving party is not required to negate the nonmoving party's claim. While the *Celotex* case did not involve an affirmative defense, it is nonetheless informative.

Requiring a nonmoving defendant to present evidence in support of an affirmative defense in opposition to a motion for summary judgment is also consistent with the language of I.R.C.P. 56(e), which provides: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of that party's pleadings, but the party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Based on the foregoing, we conclude that a nonmoving defendant has the burden of supporting a claimed affirmative defense on a motion for summary judgment.

In the instant case, First American presented the Agreement and argued there were no genuine issues of material fact precluding summary judgment and that it was entitled to judgment as a matter of law. Chandler responded that there were genuine issues of material fact as to his defenses relating to the formation and enforceability[3] of the contract. As to the formation of the contract, Chandler asserted that there were genuine issues of material fact as to his affirmative defenses of fraud in the inducement and mutual mistake and cited evidence in the record that he claimed supported those defenses.

The district court did not address these defenses, explaining that it was "interpreting the meaning of a contract between the parties as a matter of law." In doing so, the district court erred. Under common law principles, a party induced to enter into a contract by means of fraud has the ability to elect among three remedies: damages, rescission, or enforcement of the contract according to the defrauding party's representation of the bargain. *Robinson v. State*

---

[3] We reserve discussion of Chandler's affirmative defense that the Agreement is unconscionable for Part III(A)(2) of this opinion, *infra*.

*Farm Mut. Auto. Ins. Co.*, 137 Idaho 173, 180, 45 P.3d 829, 836 (2002) (citing 12 Samuel Williston, Contracts § 1523, at 606-07 (3rd ed.1970); *Queen City Farms v. Central Nat. Ins.*, 891 P.2d 718 (Wash. 1995)).  Similarly, one remedy for mutual mistake is rescission.  *O'Connor v. Harger Const., Inc.*, 145 Idaho 904, 909, 188 P.3d 846, 851 (2008).  We conclude the district court erred by enforcing a contract without first considering whether a genuine issue of material fact existed as to Chandler's affirmative defenses, which if proven, could invalidate the Agreement.

As the district court did not evaluate the admissibility of the evidence offered in support of these affirmative defenses, it is necessary for us to remand this matter in order that the district court might make that preliminary determination before deciding whether the genuine issues of material fact exist as to Chandler's affirmative defenses concerning the formation of the Agreement.  *Gem State Ins. Co. v. Hutchinson*, 145 Idaho 10, 15-16, 175 P.3d 172, 177-78 (2007).  Accordingly, the district court's grant of summary judgment is vacated and this case will be remanded for further proceedings consistent with this opinion.

**2. The district court possesses the power to reform the Agreement, but did not make the requisite findings to do so in this case.**

Although it did not so characterize its decision, the district court reformed the Agreement.  The Agreement does not provide for the subordination of Chandler's mechanics' lien.  Nevertheless, finding that "it would be inequitable to compel Chandler to release his liens in their entirety … since the position of other lien creditors would be enhanced at the expense of Chandler," the district court concluded that it was appropriate "to enforce the Agreement, by determining, as a matter of law, that Chandler's mechanics' liens are inferior to Bank of America's deed of trust."  Chandler argues that the district court erred when it reformed the Agreement by subordinating his lien to Bank of America's deed of trust.  First American apparently agrees with this contention, asserting that the district court erred by reforming the Agreement and refusing to grant specific performance.  First American observes that in *Shawver v. Huckleberry Estates, LLC*, 140 Idaho 354, 93 P.3d 685 (2004), we reiterated that "[c]ourts do not possess the roving power to rewrite contracts in order to make them more equitable."  *Id.* at 362, 93 P.3d at 693.  Although we recognize that this portion of the opinion is dicta in light of our determination that the grant of summary judgment must be vacated, we address this issue in order to provide guidance to the district court on remand.

The district court declared that Chandler's mechanics' liens were inferior in priority and subordinate to Bank of America's deed of trust.  Without further findings of fact and conclusions

of law, this was error as the district court did not identify the legal basis upon which it acted. Despite this conclusion, we observe that a district court has the power to reform a written document in certain circumstances, some of which are implicated by Chandler's asserted affirmative defenses.

Chandler asserted mutual mistake as an affirmative defense. We have held that "a court is acting properly in reforming an instrument when it appears from the evidence ... that the instrument does not reflect the intentions of the parties and that such failure is the product of a mutual mistake, a mistake on the part of all parties to the instrument." *Collins v. Parkinson*, 96 Idaho 294, 296, 527 P.2d 1252, 1254 (1974). *See also Belk v. Martin*, 136 Idaho 652, 658, 39 P.3d 592, 598 (2001). However, we emphasize that when reforming an instrument, the court gives effect to the contract that the parties did make, but that by reason of mistake was not expressed in the writing executed by them. *Id*. (quoting *Uptick Corp. v. Ahlin*, 103 Idaho 364, 372, 647 P.2d 1236, 1244 (1982)). Thus, the district court is not free to reform the Agreement simply for the purpose of arriving at a result that is subjectively viewed as "fairer" to one of the parties.

Chandler has also asserted that the Agreement is unconscionable. The district court has the power to reform a contract to avoid an unconscionable harm. *U.S. Bank Nat. Ass'n v. Kuenzli*, 134 Idaho 222, 227, 999 P.2d 877, 882 (2000). However, on remand, the district court should also be mindful that reformation is not appropriate simply because "the contract produces a suboptimal or inconvenient result, viewed in hindsight." *City of Boise v. Bench Sewer Dist.*, 116 Idaho 25, 30, 773 P.2d 642, 647 (1989). In the absence of a finding of unconscionability, or some other recognized ground for reformation, the district court erred in reforming the parties' Agreement.

## B. The district court's orders denying First American's first two motions for summary judgment are not properly appealable.

First American has appealed the district court's denial of its first two motions for summary judgment. In its brief on appeal, First American argues that the district court erred when it declined to grant First American's first two motions for summary judgment that would have required Chandler to remove his mechanics' lien. We conclude that the district court's denials of First American's first two motions for summary judgment are not appealable orders.

Unless review is specifically provided for by statute or rule, this Court may only review appeals from final judgments. *Dominguez ex rel. Hamp v. Evergreen Res., Inc.*, 142 Idaho 7, 13, 121 P.3d 938, 944 (2005) (citing *Idah-Best, Inc. v. First Sec. Bank*, 99 Idaho 517, 519, 584 P.2d

1242, 1244 (1978); I.A.R. 11(a)).  A final judgment "'ends the lawsuit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties.'"  *Id.* (quoting *Economic Dev. Council v. Lockwood*, 139 Idaho 492, 495, 80 P.3d 1093, 1096 (2003)).  It is well settled in Idaho that "'[a]n order denying a motion for summary judgment is an interlocutory order from which no direct appeal may be taken.'"  *Garcia v. Windley*, 144 Idaho 539, 542, 164 P.3d 819, 822 (2007) (quoting *Dominguez*, 142 Idaho at 13, 121 P.3d at 944).  "This rule is not altered by the entry of an appealable final judgment."  *Id.*  The policy behind the rule is that:

> [B]y entering an order denying summary judgment, the trial court merely indicates that the matter should proceed to trial on its merits.  The final judgment in a case can be tested upon the record made at trial, not the record made at the time summary judgment was denied.  Any legal rulings made by the trial court affecting that final judgment can be reviewed at that time in light of the full record.  This will prevent a litigant who loses a case, after a full and fair trial, from having an appellate court go back to the time when the litigant had moved for summary judgment to view the relative strengths and weaknesses of the litigants at that earlier stage.  Were we to hold otherwise, one who had sustained his position after a fair hearing of the whole case might nevertheless lose, because he had failed to prove his case fully on the interlocutory motion.

*Gunter v. Murphy's Lounge, LLC*, 141 Idaho 16, 26, 105 P.3d 676, 686 (2005).

This underlying policy is served by declining to review the district court's denials of First American's first two motions for summary judgment.  In those motions for summary judgment, First American sought an order requiring Chandler to specifically perform the Agreement and release his mechanics' lien.  If we were to hold that the district court erred by denying First American's first or second motion for summary judgment, we would be forced to view the relative strengths and weaknesses of the parties' arguments at an earlier stage without regard for the merits, if any, of the affirmative defenses advanced by Chandler.  Thus, we conclude that the district court's denials of First American's first and second motions for summary judgment are interlocutory orders that are not properly appealable.

## C.  First American is not entitled to an award of attorney fees below or on appeal.

The district court awarded First American $17,143 in fees and costs as the prevailing party below pursuant to an attorney fees and costs provision in paragraph 9 of the Agreement.  Chandler challenges the award on appeal.  First American also appealed the award of attorney fees below and argues that it is entitled to an award of an additional $13,420.85.  First American also requests an award of attorney fees on appeal pursuant to paragraph 9 the Agreement and I.C. §§ 12-120(3) and 12-121.  Because we vacate the district court's grant of summary judgment

11

below, we also vacate the district court's award of attorney fees.  As First American is not the prevailing party on appeal, no attorney fees are awarded on appeal.

## IV. CONCLUSION

We vacate the district court's order granting summary judgment in favor of First American and award of attorney fees and remand for proceedings consistent with this opinion. We award costs on appeal to Chandler.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.