# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 42690

JOHN B. KUGLER,                          )
                                         )          Boise, January 2016 Term
    Plaintiff-Appellant,             )
                                         )          2016 Opinion No. 68
v.                                       )
                                         )          Filed: June 28, 2016
RON NELSON, DAVID J. POWERS,             )
STEVEN L. KENISON and POWERS             )          Stephen Kenyon, Clerk
CANDY CO., INC.,                         )
                                         )
    Defendants-Respondents.          )

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

The judgment of the district court is affirmed,

John B. Kugler, Tacoma, Washington, pro se appellant.

Wright Brothers Law Office, PLLC, Twin Falls, for respondents. Brooke B. Redmond argued.

_____

HORTON, Justice.

This is an appeal from a grant of summary judgment dismissing John Kugler's case. Kugler sought damages from Ron Nelson, David Powers, Steven Kenison, William Armstrong, and Powers Candy Co., Inc. (collectively "the Defendants"), alleging breach of various agreements and wrongful actions taken by the Defendants.[1] The district court dismissed all of Kugler's claims because it found that the claims were derivative and Kugler failed to comply with derivative action requirements. We affirm.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Until mid-2010, Kugler, Nelson, Powers, Kenison, and Armstrong were all shareholders of H & M Distributing, Inc. (H & M), a wholesale distributor of beverages, cigarettes, and other miscellaneous items. At all relevant times, Powers was the president of H & M and the majority

---

[1] The record does not reflect that Kenison was ever served, and he is not a party to this appeal.

1

shareholder of H & M and Powers Candy. Nelson was the general manager of H & M until mid-2010. Pursuant to his original employment agreement with H & M, Nelson was awarded twenty-seven shares of H & M stock. He subsequently acquired another twenty shares of stock. Nelson's employment with H & M ended in acrimony in mid-2010. Thereafter, Powers, Nelson, and H & M proposed a Settlement Agreement and Mutual Release (Settlement Agreement) in which: (1) H & M agreed to purchase Nelson's original twenty-seven shares for $96,336.67; (2) Powers agreed to purchase the remaining twenty shares from Nelson for $90,000; and (3) the parties agreed to a mutual release of claims arising from Nelson's employment.

Powers called a special meeting of shareholders for July 6, 2010. Powers sent a notice of the meeting, signed June 23, 2010, to all of the shareholders and directors in which he outlined the purpose of the meeting and attached the proposed Settlement Agreement. Among other things, the notice stated the purpose of the meeting was to: establish the members of the board of directors, establish H & M's current directors, approve Powers Candy's purchase of H & M inventory, and approve the Settlement Agreement. The notice also stated, "Kugler is not proposed as a director due to distance issues since he lives in Washington state."

All shareholders were present for the special meeting on July 6, 2010, except for Nelson. Kugler appeared by telephone. The shareholders voted on several issues at the meeting. First, a majority voted to amend H & M's Bylaws to establish the number of directors as between one and five and to appoint Powers, Kenison, and Armstrong as directors of the corporation. Kugler was the only shareholder to vote against this action. Second, the shareholders unanimously voted "to approve the purchase by Powers Candy Co., Inc. of the candy and tobacco inventory and the transfer of that portion of the business to Powers Candy Co., Inc." Third, a majority voted to approve the Settlement Agreement. Kugler was the sole dissenter. Fourth, the shareholders unanimously approved Powers' purchase of Nelson's twenty shares of stock. Finally, a majority approved H & M's purchase of the twenty-seven shares of Nelson's stock. Kugler again was the only dissenting shareholder. Pursuant to an earlier Stock Subscription and Cross Purchase Agreement (Shareholder Agreement), all shareholders were given the option to purchase a pro-rata share of Nelson's stock. No shareholder elected to exercise this option.

The next day, Nelson, Powers, and H & M executed the Settlement Agreement. Powers Candy made payments to H & M between August of 2010 and October of 2012 for the transfer of the tobacco and candy portion of H & M's business.

On April 10, 2013, Kugler filed the present action. He alleged four causes of action: (1) that the Defendants improperly redeemed Nelson's stock; (2) that Nelson breached the duty of good faith, breached his employment contract, and committed fraud; (3) that Powers Candy purchased vehicles and inventory from H & M without just compensation; and (4) that the Defendants improperly removed Kugler from his position as a director of H & M. On December 2, 2013, Kugler moved to disqualify the Defendants' attorney. The district court denied this motion.

The Defendants moved for summary judgment, and a hearing was set in March of 2014. After Kugler requested a continuance to conduct discovery, the hearing was reset for the end of May of 2014. A few days before the rescheduled hearing, Kugler responded to the Defendants' motion for summary judgment and filed his own motion for partial summary judgment. The district court received argument on the Defendants' motion for summary judgment and granted Kugler additional time to submit additional evidence in support of his motion. On September 24, 2014, the district court issued its memorandum opinion, in which it granted the Defendants' motion for summary judgment and denied Kugler's motion for partial summary judgment. The district court determined that all of Kugler's claims were derivative in nature and Kugler had failed to comply with the requirements for bringing a derivative action imposed by Idaho Code section 30-1-742 and Idaho Rule of Civil Procedure 23(f). Subsequently, in a December 17, 2014, decision, the district court partially granted the Defendants' request for attorney fees and awarded $15,000. The Defendants sought reconsideration of the attorney fee award, arguing Kugler was responsible for delays in the proceedings which increased the costs of defending the case. The district court granted the motion to reconsider, increasing the attorney fee award by $4,000. Kugler timely appealed.

## II.    STANDARD OF REVIEW

"When this Court reviews a district court's ruling on a motion for summary judgment, it employs the same standard properly employed by the district court when originally ruling on the motion." *Chandler v. Hayden*, 147 Idaho 765, 768, 215 P.3d 485, 488 (2009). "Summary judgment is proper when there is no genuine issue of material fact and the only remaining questions are questions of law." *Id.* "This Court liberally construes all disputed facts in favor of the nonmoving party and draws all reasonable inferences and conclusions supported by the record in favor of the party opposing the motion." *Id.* "[W]e can affirm the district court's order

3

granting summary judgment on alternate grounds." *Commercial Ventures, Inc. v. Rex M. & Lynn Lea Family Trust*, 145 Idaho 208, 218, 177 P.3d 955, 965 (2008).

"The award of attorney fees and costs is within the discretion of the district court and reviewed for an abuse of that discretion." *Jim & Maryann Plane Family Trust v. Skinner*, 157 Idaho 927, 932, 342 P.3d 639, 644 (2015). "In making a determination of whether a trial court abused its discretion, this Court considers: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason." *Charney v. Charney*, 159 Idaho 62, 64, 356 P.3d 355, 357 (2015).

## III. ANALYSIS

Our review of Kugler's appeal has presented a challenge due to significant deficiencies in his briefing. Some of Kugler's assignments of error are merely conclusory statements without reasoning or other support. Such briefs do not comply with our rules. *See* I.A.R. 35(a)(6) ("The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon."); *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) ("A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue."). This opinion will address those claims which Kugler has marginally advanced, even though the issues were not presented in full compliance with our rules. These issues are whether the district court erred in granting summary judgment, denying Kugler's motion to disqualify opposing counsel, and awarding attorney fees.

**A. The district court properly granted summary judgment because Kugler attempted to advance derivative claims without complying with the requirements of Idaho Code section 30-1-742 and Idaho Rule of Civil Procedure 23(f).**

The district court found that Kugler's complaint advanced derivative claims. It further found that Kugler's failure to comply with Idaho Code section 30-1-742[2] and Idaho Rule of Civil Procedure 23(f) were fatal to his claim and granted summary judgment. On appeal, Kugler contends his claims are not derivative.

---

[2] Following the district court's decision, Idaho Code section 30-1-742 was repealed, 2015 Idaho Sess. L. ch. 243, § 1, p. 758, and recodified as Idaho Code section 30-29-742. 2015 Idaho Sess. L. ch. 243, § 62, p. 925. This opinion will cite the version in effect at the time Kugler filed his complaint.

A derivative action is distinguishable from an individual action. We have described a derivative action as follows:

> A stockholder's derivative action is an action brought by one or more stockholders of a corporation to enforce *a corporate right or remedy a wrong to the corporation* in cases where the corporation, because it is controlled by the wrongdoers or for other reasons fails and refuses to take appropriate action for its own protection.

*McCann v. McCann*, 152 Idaho 809, 814, 275 P.3d 824, 829 (2012) [*McCann II*] (quoting *McCann v. McCann*, 138 Idaho 228, 233, 61 P.3d 585, 590 (2002) [*McCann I*]). In comparison:

> [I]t is generally held that a stockholder may maintain an action in his own right for an *injury directly affecting him*, although the corporation also may have a cause of action growing out of the same wrong, where it appears that the injury to the stockholder resulted from the violation of some special duty owed to the stockholder by the wrongdoer and *having its origin in circumstances independent of the plaintiff's status as a shareholder*.

*Id.* at 815, 275 P.3d at 830 (alteration original) (quoting *McCann I*, 138 Idaho at 233, 61 P.3d at 590). This Court has recognized:

> A well-recognized exception to the rule that a shareholder must bring a derivative action for claims alleging injury to the corporation is that in a closely held corporation a minority shareholder may bring a direct action, rather than a derivative action, if the shareholder alleges *harm to himself distinct from that suffered by other shareholders of the corporation or breach of a special duty owed by the defendant to the shareholder*.

*Id.* (quoting *Schumacher v. Schumacher*, 469 N.W.2d 793, 798 (N.D. 1991)).

Kugler's first cause of action alleges that that the Defendants improperly redeemed Nelson's stock in violation of the Shareholder Agreement, H & M's Bylaws, H & M's Articles of Incorporation, and statutes, and that Kugler and H & M were damaged by the redemption. We understand Kugler's claim as presenting an objection to H & M's purchase of Nelson's twenty-seven shares for $96,336.67—not Powers' personal purchase of twenty shares from Nelson for $90,000. This is because redemption of stock refers to the "[r]epurchase *by corporation* of its shares . . . ."[3] *Black's Law Dictionary* 1278 (6th ed. 1990). Because Kugler challenges H & M's redemption of stock, any damage to Kugler would not be distinct from harm to H & M and other shareholders.

---

[3] Kugler's actions at the July 6, 2010, meeting reinforce our understanding of the nature of his objection. There, Kugler voted to approve Powers' purchase of twenty shares of Nelson's stock while opposing H & M's purchase of twenty-seven shares of Nelson's stock.

Kugler argues that the district court failed to consider the Shareholder Agreement, which was a contract between the shareholders and not the corporation. It is true that a violation of the Shareholder Agreement may have individual characteristics if the violation did not involve H & M. However, these are not the facts of this case. H & M was a party to the stock redemption that Kugler challenges, and any harm would have only affected Kugler due to his status as a shareholder. We hold that the district court properly characterized Kugler's first cause of action as a derivative claim.

Kugler's second cause alleges that Nelson breached the duty of good faith, breached his employment contract, and committed fraud, all of which damaged Kugler and H & M. Kugler fails to identify any damage individual to him or having its origin in circumstances independent of the his status as a shareholder. This claim only alleges that Nelson's misconduct as a corporate officer damaged H & M. The district court properly concluded that this claim is derivative.

Kugler's third cause of action alleges that Powers Candy purchased vehicles and inventory from H & M without just compensation and owed H & M money. This cause of action only asserts a wrong to H & M and Kugler identifies no basis for a determination that he has suffered individualized harm. The district court correctly identified this as a derivative claim.

Kugler's fourth cause of action has both derivative and individual components. It alleges that the Defendants improperly removed Kugler from his position as a director of H & M, damaging H & M and Kugler. Any damage to H & M caused by Kugler losing his seat on the board would be derivative because the damages would flow through H & M. However, we acknowledge that his removal as a director might, in some circumstances, give rise to a personal cause of action. We affirm the decision of the district court because Kugler has failed to identify any damages resulting from his removal as a director. Kugler was not entitled to a seat on the board of directors. *See McCann II*, 152 Idaho at 817, 275 P.3d at 832. H & M's Bylaws provide that directors are not entitled to compensation. In the absence of damages, the district court properly dismissed Kugler's fourth cause of action to the extent it advanced a non-derivative claim.

Having correctly determined that Kugler's claims were derivative, the district court granted summary judgment because Kugler "failed to comply with either I.C. § 30-1-742 or Rule 23(f). The demand required under I.C. § 30-1-742 was not provided to the corporation and Rule

6

23(f)'s requirements regarding the form and allegations of the complaint have not been met in either the original or amended complaint."

For the first time on appeal, Kugler asserts that he was excused from making a demand on H & M because such a demand would be futile. In support of this claim, Kugler relies on our decision in *Orrock v. Appleton*, 147 Idaho 613, 213 P.3d 613 (2009). Although we would not ordinarily entertain a claim raised for the first time on appeal, *see e.g. Gordon v. Hedrick*, 159 Idaho 604, 612, 364 P.3d 951, 959 (2015), we choose to explain why Kugler's claim is without merit. In *Orrock*, we explained the important policy underlying the demand requirement:

> "To prevent abuse of [a shareholder derivative suit] ... equity courts established as a precondition 'for the suit' that the shareholder demonstrate 'that the corporation itself had refused to proceed after suitable demand, unless excused by extraordinary conditions.' " *Kamen* [*v. Kemper Fin. Servs., Inc.*], 500 U.S. [90, 95–96 (1991)] (quoting *Ross v. Bernhard*, 396 U.S. 531, 534, (1970)). The demand requirement "affords the directors an opportunity to exercise their reasonable business judgment[.]" *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 533 (1984). "[T]he function of the demand doctrine in delimiting the respective powers of the individual shareholder and of the directors to control corporate litigation clearly is a matter of 'substance,' not 'procedure.' " *Kamen*, 500 U.S. at 96–97.

*Orrock*, 147 Idaho at 618, 213 P.3d at 403. In order to advance this policy, Idaho Rule of Civil Procedure 23(f) provides, in pertinent part, that: "The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action which plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and *the reasons for the plaintiff's failure to obtain the action or for not making the effort*." As we held in *Orrock*, a plaintiff's failure to satisfy the Rule's pleading requirement regarding futility is grounds for dismissal. 147 Idaho at 618–19, 213 P.3d at 403–04. Kugler's Amended Complaint does not advance any explanation for his failure to make the requisite demand.

More importantly, although Kugler is correct that we discussed futility as an exception to the demand requirement in *Orrock*, he fails to recognize that we did so because Delaware law governed the substantive claims. *Id*. at 617–18, 213 P.3d at 402–03. H & M is an Idaho corporation and Idaho law governs this action. Idaho law does not recognize the futility exception to the demand requirement. In *McCann I*, this Court explained why it found that the legislature had abrogated the exception:

we presume the legislature was aware of the common law futility exception when the statute [I.C. § 30-1-742] including two exceptions to the demand requirement was adopted, but the legislature chose not to add a provision expressing the concept of futility as an exception. This appears to be a clear demonstration of the legislature's intent to no longer recognize "futility" as an exception to the requirement of demand as a condition preceding the institution of a shareholder's derivative action.

*McCann I*, 138 Idaho at 236, 61 P.3d at 593. As Idaho law does not recognize futility, Kugler's claim that he was excused from making a demand on H & M is without merit. The district court properly dismissed Kugler's complaint.

## B. Kugler's apparent claim that the district court improperly denied his motion to disqualify opposing counsel is waived.

The district court denied Kugler's motion to disqualify counsel. In his opening brief, Kugler raises the following issue: "Did the District Court abuse it's [sic] discretion in denying appellant's motion for disqualification of Mrs. Redmond[4] as attorney for the Defendants Powers and Armstrong which is effectively a representation of H & M Distributing, Inc.?" Although Kugler posed the question, his opening brief did not attempt to explain what the answer to the question might be, much less provide argument or authority in support of his implicit claim of error. "We will not consider assignments of error not supported by argument and authority in the opening brief." *Hogg v. Wolske*, 142 Idaho 549, 559, 130 P.3d 1087, 1097 (2006). We find that Kugler has waived this claim of error.

## C. The district court did not abuse its discretion by awarding attorney fees to the Defendants.

The district court initially awarded Defendants $15,000 in attorney fees based on (1) the Shareholder Agreement, (2) the Settlement Agreement, and (3) Idaho Code section 12-120(3). After the Defendants moved for reconsideration of the attorney fee award, the district court increased the attorney fee award by $4,000 because Defendants' counsel spent "extraordinary, but reasonable, time" responding to Kugler's litigation conduct.

In this appeal, Kugler argues that the district court could not have awarded fees under the Shareholder Agreement and Idaho Code section 12-120(3). The Defendants respond that Kugler has waived his challenge to the award of attorney fees because he failed to address the district court's alternative ground for awarding attorney fees under the Settlement Agreement.

---

[4] Ms. Redmond represents the Defendants.

It is generally true that when a lower court makes a decision on alternative grounds and one or more of those grounds are not challenged on appeal, we will affirm. *See e.g. Hilliard v. Murphy Land Co., LLC*, 158 Idaho 737, 741, 351 P.3d 1195, 1199 (2015). However, we are not willing to affirm on the alternative ground for one simple reason: Kugler was not a party to the Settlement Agreement.

Instead, we affirm the district court's award based upon Idaho Code section 12-120(3), which provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

Under this statute, when a commercial transaction comprises the gravamen of a lawsuit, the prevailing party shall be awarded attorney fees. *Idaho Transp. Dep't v. Ascorp, Inc.*, 159 Idaho 138, 141, 357 P.3d 863, 866 (2015). "All transactions other than those for personal or household purposes are considered commercial transactions." *Carrillo v. Boise Tire Co.. Inc.*, 152 Idaho 741, 755, 274 P.3d 1256, 1270 (2012). "[I]n order for a transaction to be commercial, each party to the transaction must enter the transaction for a commercial purpose." *Id.* at 756, 274 P.3d at 1271. "[T]he commercial transaction must be integral to the claim and constitute a basis on which the party is attempting to recover." *Am. Bank v. BRN Dev., Inc.*, 159 Idaho 201, 208, 358 P.3d 762, 769 (2015) (alteration original) (quoting *Clayson v. Zebe*, 153 Idaho 228, 236, 280 P.3d 731, 739 (2012)).

Kugler claims an award of attorney fees cannot be supported by Idaho Code section 12-120(3) because the Defendants used H & M for personal reasons. Kugler misunderstands applicable law. Kugler's causes of action arise from a commercial transaction. His causes of action relate to transactions between H & M, its shareholders, and Kugler for commercial purposes, not personal or household purposes. We find that the district court properly concluded that Kugler's claims were governed by Idaho Code section 12-120(3).

Kugler also challenges the amount of attorney fees that the district court awarded as follows: "Mrs. Redmond was disappointed in the award of fees made by the trial Court and asserted a claim for additional fees on an asserted claim that appellant caused a delay in proceedings is also unfounded [sic]." Kugler's conclusory statement is insufficient to

9

demonstrate that the district court abused its discretion by increasing the award of attorney fees. For these reasons, we affirm the district court's award of attorney fees.

**D.  We award attorney fees on appeal to the Defendants.**

The Defendants request attorney fees on appeal under the terms of the Shareholder Agreement, Idaho Code section 12-120(3), and Idaho Code section 12-121. Idaho Code section 12-120(3) applies on appeal and in lower courts. *Oakes v. Boise Heart Clinic Physicians, PLLC*, 152 Idaho 540, 546, 272 P.3d 512, 518 (2012). As discussed in the previous section, Idaho Code section 12-120(3) applies to this action. As the prevailing parties, we award attorney fees on appeal to the Defendants. Because we award attorney fees pursuant to Idaho Code section 12-120(3), we do not address the other grounds upon which Defendants seek an award of fees.

## IV. CONCLUSION

We affirm the judgment of the district court award attorney fees and costs on appeal to the Defendants.


Chief Justice J. JONES and Justices EISMANN, BURDICK and W. JONES, **CONCUR**.