## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 44240

RONALD L. SWAFFORD and
MARGARET SWAFFORD, husband and
wife,

       Plaintiffs-Appellants,

v.

HUNTSMAN SPRINGS, INC., an Idaho
corporation,

       Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, May 2017 Term

2017 Opinion No. 80

Filed: July 6, 2017

Karel A. Lehrman, Clerk

---

Appeal from the District Court of the Seventh Judicial District of the
State of Idaho, Teton County. Hon. Gregory W. Moeller, District Judge.

The district court's judgment in favor of Huntsman Springs is <u>affirmed</u>.
Attorney fees and costs on appeal are <u>awarded</u> to Huntsman Springs.

Swafford Law, PLLC, Idaho Falls, attorneys for appellant. Larren K.
Covert argued.

Moulton Law Office, Driggs, attorneys for respondent. Sean R.
Moulton argued.

---

JONES, Justice

### I. NATURE OF THE CASE

In an appeal arising out of Teton County, Appellants, Ronald and Margaret Swafford (collectively, the "Swaffords"), challenge a district court's grant of summary judgment in favor of Respondent Huntsman Springs, Inc. ("Huntsman Springs"). The action stems from the Swaffords' claim that Huntsman Springs essentially cut off their property from the development by building a park and planting trees between their lot and the nearby street and development, and in doing so: (1) breached a contract; (2) breached an express warranty; (3) breached their duty of good faith and fair dealing; (4) violated the Idaho Consumer Protection Act; and (5) made false representations. The district court granted summary judgment in favor of Huntsman

1

Springs after concluding that all of the Swaffords' claims were barred by the applicable statutes of limitation.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Huntsman Springs is a 1,350 acre development in Driggs, Idaho, that is planned to include 650 homes, a five-star hotel, and a golf course. Between 2006 and 2007, Huntsman Springs promoted its priority reservation program, which allowed prospective buyers to reserve an opportunity to purchase certain property sites. On July 16, 2007, during the infancy of the development, the Swaffords entered into a contract (the "Contract") with Huntsman Springs to purchase an undeveloped commercial site at "Lot 4, Block 50, Huntsman Springs PUD, Phase 1, Addition to the City of Driggs, Teton County, Idaho" (the "Property"). On July 20, 2007, Huntsman Springs recorded a plat (the "Plat") for the subdivision, and on September 21, 2007, the sale closed with the recording of the warranty deed. According to the Plat, the Property's east side would border Front Street. The Plat also indicated that an approximately fifty-foot-wide strip of grass, named "Park 3," would separate the Property's west side from Primrose Street.

Between 2007 and 2008, Primrose Street was paved. Additionally, the landscaping, walking path, and trees to the west of the Property, *i.e.*, Park 3, were completed during that time. Park 3 separated the Property from Primrose Street.

On August 20, 2014, Mr. Swafford wrote a letter to Huntsman Springs demanding

> that the Master Plan be complied with, providing my lot with ingress and egress from Primrose as expected from the address. I also insist that the family walk and bike paths as well as trees be in place immediately. I hereby request immediate resolution of this issue. I request the area conform to the plans provided at the time of purchase."

On July 17, 2015, the Swaffords filed a complaint wherein they claimed that Huntsman Springs "specifically intended for the [Swaffords] to rely on the Mater Plan." The Swaffords alleged the following: (1) Huntsman Springs breached the contract of sale by failing to comply with the Master Plan; (2) Huntsman Springs breached an express warranty that the Property would be developed and improved in accordance with the Master Plan; (3) Huntsman Springs breached its duty of good faith and fair dealing by failing to develop the Property in accordance with the Master Plan; (4) Huntsman Springs' unfair and deceptive marketing and sales conduct breached the Idaho Consumer Protection Act; and (5) Huntsman Springs' promotional materials included false representations.

2

On September 28, 2015, Huntsman Springs filed an answer. On September 29, 2015, Huntsman Springs filed a motion for judgment on the pleadings, or in the alternative, a motion for summary judgment. In an accompanying memorandum, Huntsman Springs argued that each of the Swaffords' claims was barred by the applicable statutes of limitation. On November 3, 2015, the Swaffords responded with a memorandum in opposition to Huntsman Springs' motion for judgment on the pleadings and/or motion for summary judgment. Therein, the Swaffords argued that their contractual claims were not barred by the five-year statute of limitations because they were not fully aware of the damage until September 2014, because until said date, they "expected and anticipated that [Huntsman Springs] would eventually complete the project as specified on the Master Plan."

On November 17, 2015, the district court held a hearing on Huntsman Springs' motion. The district court characterized Huntsman Springs' motion as a motion for summary judgment so that each party's affidavit could be considered. On February 19, 2016, the district court issued its memorandum decision. First, the district court found the Swaffords' contractual causes of action were subject to a five-year statute of limitations under Idaho Code section 5-216. Further, the district court found that the statute of limitations in a contract case begins to run when the aggrieved party suffers damages, *i.e.*, when the Plat was recorded on July 20, 2007, showing that Huntsman Springs was not complying with the Master Plan, or when Park 3 was completed by August 2008. Accordingly, the district court held that the contractual causes of action were barred by the statute of limitations because the Swaffords filed their claim nearly three years after the July 20, 2012 deadline. Second, the district court found that the Idaho Consumer Protection Act claim was subject to a two-year statute of limitations that began running on the same date as the contractual claims. Accordingly, the claim was barred. Third, the district court found that the misrepresentation claim was similarly barred because it was subject to a three-year statute of limitations under Idaho Code section 5-218(4), which began running at the same time the other causes of action accrued. A corresponding judgment was entered on April 11, 2016.

On May 20, 2016, the Swaffords filed a timely notice of appeal.

### III. ISSUES ON APPEAL

1. Did the district court err in granting summary judgment in favor of Huntsman Springs?
2. Is either party entitled to attorney's fees on appeal?

### IV. STANDARD OF REVIEW

3

> "When this Court reviews a district court's ruling on a motion for summary judgment, it employs the same standard properly employed by the district court when originally ruling on the motion." *Chandler v. Hayden*, 147 Idaho 765, 768, 215 P.3d 485, 488 (2009). "Summary judgment is proper when there is no genuine issue of material fact and the only remaining questions are questions of law." *Id.* "This Court liberally construes all disputed facts in favor of the nonmoving party and draws all reasonable inferences and conclusions supported by the record in favor of the party opposing the motion." *Id.* "[W]e can affirm the district court's order granting summary judgment on alternate grounds." *Commercial Ventures, Inc. v. Rex M. & Lynn Lea Family Trust*, 145 Idaho 208, 218, 177 P.3d 955, 965 (2008).

*Kugler v. Nelson*, 160 Idaho 408, 412–13, 374 P.3d 571, 575–76 (2016).

## V. ANALYSIS

On appeal, the Swaffords appear to have abandoned their Idaho Consumer Protection Act and misrepresentation claims choosing instead to focus on the district court's decision as it relates to their contractual claims. We will not address their Idaho Consumer Protection Act or misrepresentation claims because neither is supported by cogent argument or authority.

**A.   The district court did not err in granting summary judgment in favor of Huntsman Springs.**

The focus of the parties' arguments and the district court's decision are the statutes of limitation and the date upon which they began to run. We, however, find it unnecessary to address the statute of limitation issues because, according to the plain language of the Contract, no breach occurred.

The crux of the Swaffords' action is that Huntsman Springs breached the Contract by failing to develop the surrounding area in conformance with the Master Plan, *i.e.*, constructing Park 3 to separate the Property from Primrose Street. Crucially, though, the Master Plan was not incorporated or referenced by the Contract; therefore, it does not contractually obligate Huntsman Springs. The question, therefore, is not whether or not Huntsman Springs complied with the Master Plan, but whether or not the Contract provided that the Property would abut Primrose Street. It did not. The Contract merely provided that the Property "is or will be located on a paved road." This provision is satisfied by the fact that the Property abuts Front Street, a paved road. Accordingly, Huntsman Springs did not breach the Contract by building Park 3 between the Property and Primrose Street. Moreover, the Contract referenced the Plat, providing that the conveyance was subject to "[a]ll those matters shown on the plat of survey referred to above, as has been or may be amended . . . ." The Plat clearly shows that the Park 3 would

4

separate the Property from Primrose Street; therefore, Huntsman Springs did not breach the Contract by constructing Park 3 to separate the Property from Primrose Street.

The Swaffords' reliance on the Master Plan is undermined by three provisions of the Contract. First, the Contract provided that "[the Swaffords] acknowledge[] that [Huntsman Springs] has not made any pledges, covenants or commitments in regard to the development of the Huntsman Springs Community which has induced [the Swaffords] to purchase said Property except as stated in this Contract." Second, the Contract provided that "[t]he only representations made by [Huntsman Springs] with respect to the completion of roads . . . are as set forth in Section 9[1] and no other representations regarding the same have been made or relied upon by [the Swaffords]." Third, the Contract contained a merger clause, which reads as follows: "This Contract supersedes any and all understandings and agreements between the parties and constitutes the sole and entire contract between the parties. No oral statements or representations whatsoever shall be considered a part hereof. Any modifications must be in writing and acknowledged by the parties hereto." The foregoing provisions demonstrate that the Swaffords' reliance on the Master Plan was misplaced because it was not part of the Contract.

**B.      Huntsman Springs is entitled to costs and attorney's fees on appeal.**

Both parties request attorney's fees and costs on appeal pursuant to Idaho Code section 12-120(3), in conjunction with Idaho Rule of Civil Procedure 54, and Idaho Appellate Rules 40 and 41. Specifically, both parties take the position that the prevailing party must be awarded attorney's fees on appeal according to Idaho Code section 12-120(3) because the case is a civil action involving a commercial transaction. Huntsman Springs also argues that it is entitled to attorney's fees on appeal pursuant to Idaho Code section 12-121 because the Swaffords' appeal was frivolous, unreasonable, and without foundation.

> Idaho Code section 12-120(3) mandates that when "the gravamen of a lawsuit" is a commercial transaction, the prevailing party is entitled to attorney's fees. *Kugler v. Nelson*, 160 Idaho 408, 413, 374 P.3d 571, 579 (2016). Under the statute, a "commercial transaction" is any "transaction[ ] except transactions for personal or household purposes." I.C. § 12-120(3).

*Prehn v. Hodge*, 161 Idaho 321, ___, 385 P.3d 876, 886 (2016).

Huntsman Springs is entitled to costs and attorney's fees on appeal. The subject of this lawsuit is the contract for the sale of the Property, which is a commercial lot. Indeed, the

---

[1] Section 9 provides that "The [Property] is or will be located on a paved road . . . ."

Swaffords refer to the Property as a commercial lot in their complaint. Moreover, no facts indicate that the Property is for the Swaffords' personal or household purposes. Therefore, because the subject of the lawsuit is a commercial transaction and Huntsman Springs has prevailed, Huntsman Springs is entitled to costs and attorney's fees on appeal.

## VI. CONCLUSION

We affirm the district court's judgment in favor of Huntsman Springs and award costs and attorney's fees on appeal to Huntsman Springs.

Chief Justice BURDICK, Justices EISMANN, HORTON and BRODY, CONCUR.