**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 44240**

|  |  |
|---|---|
| RONALD L. SWAFFORD and MARGARET SWAFFORD, husband and wife, | ) ) ) |
|  | ) Boise, May 2017 Term |
|  | ) |
| Plaintiffs-Appellants, | ) 2017 Opinion No. 125 |
|  | ) |
|  | ) Filed: December 13, 2017 |
| v. | ) |
|  | ) Karel A. Lehrman, Clerk |
| HUNTSMAN SPRINGS, INC., an Idaho corporation, | ) ) |
|  | ) **SUBSTITUTE OPINION, THE** |
|  | ) **COURT'S PRIOR OPINION** |
| Defendant-Respondent. | ) **DATED JULY 6, 2017 IS** |
| _____ | ) **HEREBY WITHDRAWN.** |
|  | ) |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Teton County.  Hon. Gregory W. Moeller, District Judge.

The district court's judgment in favor of Huntsman Springs is affirmed. Attorney fees and costs on appeal are awarded to Huntsman Springs.

Swafford Law, PLLC, Idaho Falls, attorneys for appellant. Larren K. Covert argued.

Moulton Law Office, Driggs, attorneys for respondent. Sean R. Moulton argued.

_____

JONES, Justice.

## I. NATURE OF THE CASE

In an appeal arising out of Teton County, Appellants, Ronald and Margaret Swafford (collectively, the "Swaffords"), challenge a district court's grant of summary judgment in favor of Respondent, Huntsman Springs, Inc. ("Huntsman Springs"). The action stems from the Swaffords' claim that Huntsman Springs failed to comply with the Master Plan by essentially cutting off their property from the development. The district court granted summary judgment in

favor of Huntsman Springs after concluding that all of the Swaffords' claims were barred by the applicable statutes of limitations.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Huntsman Springs is a 1,350 acre development in Driggs, Idaho, that is planned to include 650 homes, a five-star hotel, and a golf course. Between 2006 and 2007, Huntsman Springs promoted its priority reservation program, which allowed prospective buyers to reserve an opportunity to purchase certain property sites. On July 16, 2007, during the infancy of the development, the Swaffords entered into a contract (the "Contract") with Huntsman Springs to purchase an undeveloped commercial site at "Lot 4, Block 50, Huntsman Springs PUD, Phase 1, Addition to the City of Driggs, Teton County, Idaho" (the "Property"). At the time of purchase, Huntsman Springs' promotional materials included a Master Plan, which indicated that the Property's east side would be bordered by a walk and bike path while its west side would be bordered by grass, trees, and a path or roadway. On September 21, 2007, the sale of the Property closed with the recording of a warranty deed.

Between 2007 and 2008, Primrose Street, which bordered the west side of the Property, was paved, but the area between Primrose Street and the Property was improved by adding landscaping, a walking path, and trees. Thus, the Property did not have access to Primrose Street.

On August 20, 2014, Mr. Swafford wrote a letter to Huntsman Springs demanding

> that the Master Plan be complied with, providing my lot with ingress and egress from Primrose as expected from the address. I also insist that the family walk and bike paths as well as trees be in place immediately. I hereby request immediate resolution of this issue. I request the area conform to the plans provided at the time of purchase.

On July 17, 2015, the Swaffords filed a complaint wherein they claimed that Huntsman Springs "specifically intended for the [Swaffords] to rely on the Master Plan." The Swaffords alleged the following: (1) Huntsman Springs breached the Contract by failing to comply with the Master Plan; (2) Huntsman Springs breached an express warranty that the Property would be developed and improved in accordance with the Master Plan; (3) Huntsman Springs breached its duty of good faith and fair dealing by failing to develop the Property in accordance with the Master Plan; (4) Huntsman Springs' unfair and deceptive marketing and sales conduct breached the Idaho Consumer Protection Act (the "ICPA"); and (5) Huntsman Springs' promotional materials included false representations.

On September 28, 2015, Huntsman Springs filed an answer. On September 29, 2015, Huntsman Springs filed a motion for judgment on the pleadings, or in the alternative, a motion for summary judgment. In an accompanying memorandum, Huntsman Springs argued that each of the Swaffords' claims was barred by the applicable statutes of limitations. On November 3, 2015, the Swaffords responded with a memorandum in opposition to Huntsman Springs' motion for judgment on the pleadings and/or motion for summary judgment. Therein, the Swaffords argued that their contractual claims were not barred by the five-year statute of limitations because they were not fully aware of the damage until September 2014, because until then, they "expected and anticipated that [Huntsman Springs] would eventually complete the project as specified on the Master Plan."

On November 17, 2015, the district court held a hearing on Huntsman Springs' motion. The district court characterized Huntsman Springs' motion as a motion for summary judgment so that each party's affidavit could be considered. On February 19, 2016, the district court issued its memorandum decision. First, the district court found that the Swaffords' contractual causes of action were subject to a five-year statute of limitations under Idaho Code section 5-216. Further, the district court held that the statute of limitations in a contract case begins to run when the aggrieved party has constructive notice of the breach. The district court found that the Swaffords had constructive notice of Huntsman Springs' breach when a plat was recorded on July 20, 2007, showing that Huntsman Springs was not complying with the Master Plan, or, at the latest, when the improvements were made to the area between the Property and Primrose Street in August 2008. Accordingly, the district court held that the contractual causes of action were barred by the statute of limitations because the Swaffords did not file their complaint until July 2015—nearly seven years after the latest time the cause of action could have accrued. Second, the district court held that the ICPA claim was barred because it was subject to a two-year statute of limitations, which began running at the same time as the contractual claims. Third, the district court held that the misrepresentation claim was barred because it was subject to a three-year statute of limitations under Idaho Code section 5-218(4), which began running at the same time the other causes of action accrued. A corresponding judgment was entered on April 11, 2016.

On May 20, 2016, the Swaffords filed a timely notice of appeal. On July 6, 2017, this Court released its original decision in this appeal. On July 25, 2017, the Swaffords filed a petition for rehearing, and on August 11, 2017, the Swaffords filed a brief in support of their

petition for rehearing. In response to the Swaffords' petition for rehearing, we issue this substitute opinion.

### III. ISSUES ON APPEAL

**1.** Did the district court err in granting summary judgment in favor of Huntsman Springs?

**2.** Is either party entitled to attorney fees on appeal?

### IV. STANDARD OF REVIEW

"When this Court reviews a district court's ruling on a motion for summary judgment, it employs the same standard properly employed by the district court when originally ruling on the motion." *Chandler v. Hayden*, 147 Idaho 765, 768, 215 P.3d 485, 488 (2009). "Summary judgment is proper when there is no genuine issue of material fact and the only remaining questions are questions of law." *Id.* "This Court liberally construes all disputed facts in favor of the nonmoving party and draws all reasonable inferences and conclusions supported by the record in favor of the party opposing the motion." *Id.*

*Kugler v. Nelson*, 160 Idaho 408, 412, 374 P.3d 571, 575 (2016).

### V. ANALYSIS

**A. The district court did not err in granting summary judgment in favor of Huntsman Springs because there are no genuine issues of fact as to the time at which the Swaffords' causes of action accrued.**

As a preliminary matter, we may affirm a judgment on alternate grounds "[w]hen a judgment on appeal reaches the correct conclusion, but employs reasoning contrary to that of this Court." *Kosmann v. Gilbride*, 161 Idaho 363, 366, 386 P.3d 504, 507 (2016) (quoting *Martel v. Bulotti*, 138 Idaho 451, 454–55, 65 P.3d 192, 195–96 (2003)). Here, the district court's holding that the statute of limitations began to run, at the latest, in 2008 was based, in part, on the filing of a plat. We affirm the district court's judgment on alternate grounds and decline to address whether the filing of the plat amounted to notice of the breach.

"A cause of action accrues and the statute of limitations begins to run when a cause of action exists." *Lido Van and Storage, Inc. v. Kuck*, 110 Idaho 939, 942, 719 P.2d 1199, 1202 (1986). Idaho Code section 5-216 provides that an action upon a written contract must be brought within five years. I.C. § 5-216; *Saddlehorn Ranch Landowner's, Inc. v. Dyer*, 146 Idaho 747, 750, 203 P.3d 677, 680 (2009). In this case, the alleged breach of contract was the failure to provide the Property with access to Primrose Street. In their brief in support of the petition for rehearing, the Swaffords allege that there are other breaches of contract and misrepresentations that must be addressed. Specifically, the Swaffords claim that Huntsman Springs was obligated

4

to construct certain "proposed recreational facilities," such as paths and equestrian trails, "within the project." The Swaffords argue that summary judgment was improper because a question of fact existed regarding what the "proposed recreational facilities actually were and how they were proposed." However, in their briefing on appeal, this issue was merely mentioned in passing and was not supported with cogent argument; therefore, this Court will not consider the issue. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (citing *Inama v. Boise Cnty. Bd. of Comm'rs*, 138 Idaho 324, 330, 63 P.3d 450, 456 (2003)) ("Regardless of whether an issue is explicitly set forth in the party's brief as one of the issues on appeal, if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court."). In sum, this Court's analysis of the Swaffords' claims will be limited to their allegation that Huntsman Springs failed to provide the Property with access to Primrose Street.

"Where no time is expressed in a contract for its performance, the law implies that it shall be performed within a reasonable time as determined by the subject matter of the contract, the situation of the parties, and the circumstances attending the performance." *Curzon v. Wells Cargo, Inc.*, 86 Idaho 38, 43, 382 P.2d 906, 908 (1963). There was no contractual agreement as to when the access would be provided. Between 2007 and 2008, Primrose Street was paved and the area between the street and the Property was improved by landscaping it, constructing a walking path, and planting trees. If a reasonable time to provide the claimed access had run before the construction of those improvements, then the Swaffords' cause of action had accrued and the statute of limitations had begun to run. If a reasonable time had not yet run, then the construction of those improvements constituted an anticipatory breach of contract and the statute of limitations had begun to run. "An anticipatory breach of contract has been defined as 'a repudiation [by the promisor] of his contractual duty *before the time fixed in the contract for his performance has arrived*.'" *Foley v. Munio*, 105 Idaho 309, 311, 669 P.2d 198, 200 (1983). The construction of those improvements in the area between the Property and Primrose Street was notice to the Swaffords that Huntsman Springs would not perform the alleged agreement to provide access to Primrose Street. *Id*. at 312, 669 P.2d at 201 (a present breach of contract is equivalent to notice to the promisee that the promisor would not perform). Thus, in either instance the statute of limitations began to run by the completion of the improvements in 2008. The Swaffords did not bring their breach of contract action until July 17, 2015, which was nearly

5

three years after the deadline. Accordingly, we affirm the district court's judgment because the Swaffords' breach of contract action is barred by the statute of limitations.

Although the bulk of the Swaffords' briefing on appeal was dedicated to their contractual claims, they also appealed, and briefly discussed, the district court's dismissal of their ICPA claim and their misrepresentation claim. We affirm the district court's judgment on both of these claims because both claims are barred by the applicable statute of limitations.

The statute of limitations for a private action under the ICPA is two years, and it begins to run after the cause of action accrues. I.C. § 48-619. The ICPA provides that:

> (1) Any person who purchases or leases goods . . . and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by this chapter, may treat any agreement incident thereto as voidable or, in the alternative, may bring an action to recover actual damages or one thousand dollars ($1,000), whichever is the greater.

I.C. § 48-608(1). The definition of "goods" includes real property. I.C. § 48-602(6). Acts or practices declared unlawful by the ICPA include "[a]dvertising goods or services with intent not to sell them as advertised . . . [and] [e]ngaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer." I.C. § 48-603(9) and (17).

Further, the ICPA requires that the offending party must be a person who "knows, or in the exercise of due care should know, that he has in the past, or is" committing an act or practice declared unlawful by Idaho Code section 48-603. I.C. § 48-603.

In their complaint, the Swaffords alleged that Huntsman Springs violated the ICPA by advertising the commercial lots with no intention of constructing the development in compliance with the advertisements.

The district court held as follows:

> Nothing in the record would support a finding that a cause of action under [the ICPA] could have accrued any later than the date applicable to the breach of contract claims. Because the statute governing the [ICPA] bars any action after two years, [the ICPA claim] is even more untimely than those centered on a breach of written contract.

It is uncontested that the improvements were completed in 2008. Without ruling upon whether Huntsman Springs violated the ICPA, *if* Huntsman Springs violated the ICPA, that violation occurred when the improvements were completed in 2008. It was then that the Swaffords suffered an ascertainable loss and the ICPA cause of action accrued. The Swaffords

6

did not bring their ICPA action until July 17, 2015, which was nearly five years after the deadline. Accordingly, we affirm the district court's judgment because the Swaffords' ICPA claim is barred by the statute of limitations.

The statute of limitations for a misrepresentation claim is three years, and it begins to run after "the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." I.C. § 5-218(4).

> Where discovery of a cause of action for fraud commences the statute of limitations, the date of discovery is a fact question for the jury unless there is no evidence creating a question of fact. *DBSI/TRI v. Bender*, 130 Idaho 796, 807, 948 P.2d 151, 162 (1997). Actual knowledge of the fraud can be inferred if the aggrieved party could have discovered the fraud by reasonable diligence, although the Court will hesitate to infer such knowledge. *Id.* at 807, 948 P.2d at 162.

*Nerco Minerals Co. v. Morrison Knudsen Corp.*, 140 Idaho 144, 150, 90 P.3d 894, 900 (2004).

In their complaint, the Swaffords alleged that Huntsman Springs misrepresented the development of the Property. The Swaffords did not specify whether the alleged misrepresentation was fraudulent or negligent, but for the purposes of this appeal, the distinction is immaterial because both causes of action have a three-year statute of limitations.

The district court held that "the facts alleging [the misrepresentation] were discovered, or could have been discovered, . . . at the very least, when the park separating the [Property] and Primrose Street was completed. Therefore, this action should have been brought by July 20, 2010, or at least by August 2011."

It is uncontested that the improvements were completed in 2008. Without ruling upon whether Huntsman Springs misrepresented the development of the Property, *if* Huntsman Springs misrepresented the development of the Property, the Swaffords could have discovered the misrepresentation when the improvements were completed in 2008. It was then that the Swaffords had actual knowledge of the alleged misrepresentation. The Swaffords did not bring their misrepresentation action until July 17, 2015, which was nearly four years after the deadline. Accordingly, we affirm the district court's judgment because the Swaffords' misrepresentation claim is barred by the statute of limitations.

**B.      Huntsman Springs is entitled to costs and attorney fees on appeal.**

> Idaho Code section 12-120(3) mandates that when "the gravamen of a lawsuit" is a commercial transaction, the prevailing party is entitled to attorney's fees. *Kugler v. Nelson*, 160 Idaho 408, 413, 374 P.3d 571, 579 (2016). Under the statute, a

7

"commercial transaction" is any "transaction[ ] except transactions for personal or household purposes." I.C. § 12-120(3).

*Prehn v. Hodge*, 161 Idaho 321, 331, 385 P.3d 876, 886 (2016).

Huntsman Springs is entitled to costs and attorney fees on appeal. The subject of this lawsuit is the contract for the sale of the Property, which is a commercial lot. Indeed, the Swaffords refer to the Property as a commercial lot in their complaint. Moreover, no facts indicate that the Property is for the Swaffords' personal or household purposes. Therefore, because the subject of the lawsuit is a commercial transaction and Huntsman Springs has prevailed, Huntsman Springs is entitled to costs and attorney fees on appeal.

## VI. CONCLUSION

We affirm the district court's judgment in favor of Huntsman Springs and award costs and attorney fees on appeal to Huntsman Springs.

Chief Justice BURDICK, Justices EISMANN, HORTON and BRODY CONCUR.